### Z. A. REA v. STANDARD MIRROR COMPANY AND FRANK WINESKIE.

(Filed 23 December, 1911.)

1. Removal of Causes—Federal Courts—Pleadings—Fraudulent Joinder—Jurisdiction.

When a complaint in an action for damages alleged to have been negligently inflicted by a nonresident corporation and its resident general manager, alleges in good faith a joint wrong, the allegations must be considered and passed upon as the complaint presents them, and no several controversy being presented which requires or permits a removal to the Federal courts, the cause should be determined in the courts of the State where it was brought.

2. Same—Allegations of Petition.

When the complaint in an action for damages against a nonresident corporation and its resident general manager alleges in good faith a joint wrong for which the corporation and its general manager are responsible, the position that the cause is properly determinable in the State court, when a proper motion with sufficient bond for removal to the Federal court is made and presented by the defendant, is not altered or affected by an allegation of· the petition that the resident defendant was joined for the mere purpose of avoiding removal, or with no honest intent of seeking relief against such resident, or the like, or by general allegations of fraudulent joinder.

**3. Same—Motion to Remand—Practice.**

When a petition for the removal of a cause from the State to the Federal court, properly verified and accompanied by a proper and sufficient bond, has been filed in the State court in apt time, in an action brought against a nonresident corporation and its resident manager alleging a joint wrong, and the petition contains allegations of fraudulent joinder, together with full and direct statement of the facts and circumstances sufficient, if true, to demonstrate that there has been such fraudulent joinder of the resident defendant, the jurisdiction of the State court is at an end and the order should be made removing the cause, leaving the remedy for the opposing party in the Federal court upon motion to remand the cause or other proper procedure therein.

**4. Removal of Causes—Petition—Verification—Practice.**

The petition upon which a removal of a cause from the State to the Federal court is based, which alleges a fraudulent joinder of a resident with a nonresident defendant for the purpose of retaining jurisdiction in the State courts, should be properly verified.

APPEAL from *Lyon, J.,* at April Term, 1911, of DAVIDSON.

Civil action heard on motion to remove the cause to Circuit Court of United States for Western District of North Carolina. There was judgment that the cause be removed, and plaintiff excepted and appealed.

*Walser & Walser and Bryant & Brogden for plaintiff.*
*Roberson & Barnhardt, Craige & Craige for defendant.*

HOKE, J. At April Term, 1911, of said court plaintiff, a citizen and resident of Davidson County, N. C., having entered suit, filed his complaint in the Superior Court of Davidson County, alleging liability for physical injuries received by reason of the joint negligence on the part of the defendant, the Standard Mirror Company, a corporation, citizen and resident of the State of Pennsylvania, doing business at High Point, N. C., and Frank Wineskie, a resident of this State and secretary and general manager of the company's plant in this State, having direct charge and control of the work and the laborers employed therein, including the plaintiff. The wrong alleged being in part the negligent provision made and directions given by said Wineskie when engaged in his duties as defendant's general manager, etc.

The defendant in apt time, and accompanied by proper bond, with good and sufficient sureties, filed his duly verified petition for removal, setting forth the position and duties of defendant Wineskie in reference to his codefendant's plant at the time of the injury, with detailed and special averment that said Wineskie was not charged with the supervision and control of plaintiff or other laborers employed in the work or of supplying them with safe and suitable machinery or placing, etc.; that his duties were entirely in the office of defendant company, disconnected with any direction or supervision of laborers, machinery, etc., and the petition further proceeds as follows: "That he was not present or in the factory when the plaintiff was injured; that the injury received was neither the direct or proximate cause or result of any negligence of defendant Wineskie, nor of any duty imposed upon him, nor of the failure on his part to use due care, caution, or prudence, and properly discharge his duties, which are and were at and before the alleged injury of plaintiff, in the office of said company, as above set forth. That the rights of the real parties in interest to this controversy can be finally adjudicated without the presence of the defendant Wineskie; that the defendant Wineskie is an improper party to this proceeding; that he has no connection therewith, and that he is an unnecessary party. That defendant Wineskie has been improperly and fraudulently joined as a defendant in this suit for the purpose of fraudulently and improperly preventing or attempting to prevent this defendant from removing this cause to the United States Circuit Court, and that the plaintiff well knew, at the time of the beginning of this suit, that Wineskie was not charged with the duties aforesaid, as alleged in the complaint, and that he was joined as a party defendant for the sole and only purpose of preventing the removal of this cause, and not in good faith."

Upon these the controlling facts relevant to the question presented, we are of opinion that the order for removal was properly made. It is now very generally held that on the facts stated in the complaint the cause of action may be considered and dealt with as a joint wrong, and that when such allegations are made in good faith, they must be considered and passed

upon as the complaint presents them, and that when viewed as a legal proposition, no severable controversy is presented which requires or permits a removal to the Federal courts. *R. R. v. Miller,* 217 U. S., 209; *Ala. R. R. v. Thompson,* 200 U. S., 206; *Dougherty v. R. R.,* 126 Fed., 239. And it is held, further, that the position as stated is not altered or in any way affected by allegation of the petition that the resident defendant was joined for the mere purpose of avoiding removal or with no honest intent of seeking relief against such resident, or the like, or by general allegations of fraudulent joinder. *Kansas City R. R. v. Herman,* 187 U. S., 63; *Foster v. Gas and Electric Co.,* 185 Fed., 979; *Shane v. Electric Ry.,* 150 Fed., 801; *Knutts v. Electric Ry.,* 148 Fed., 73; *Thomas v. The Great Northern,* 147 Fed., 83; *Hough v. R. R.,* 144 N. C., 701; *Tobacco Co. v. Tobacco Co.,* 144 N. C., 352; *Ill. R. R. v. Houchins,* 121 Ky., 526; *So. R. R. v. Gruzzle,* 124 Ga., 735.

To cite from one or two of the cases: In *R. R. v. Miller, supra,* it was held: "For the purposes of determining the removability of a cause, the case must be deemed to be such as the plaintiff has made it, in good faith in his pleadings; and if a plaintiff in a suit for personal injuries joined with the foreign corporation one or more of its employees residents of plaintiff's State as defendants, and the State court holds that the joinder is not improper, the cause is not separable and cannot be removed into the Federal court. *Ala. and Great So. R. R. v. Thompson,* 200 U. S., 206; *Ry. Co. v. Bohun,* 200 U. S., 221." And in *Kansas Ry. v. Herman,* the Court held: "While an action commenced in a State court against two defendants, one of whom is a resident and the other a nonresident, may be removed to the Circuit Court of the United States by the nonresident defendant, if it can be shown that the cause of action is separable and the resident defendant is joined fraudulently for the purpose of preventing the removal of the cause to the Federal court, such removal cannot be had if it does not appear that the resident defendant is fraudulently joined for such purpose. This rule will be adhered to even if on the trial of the action the lower court holds that no evidence was given by the plaintiff tending to show liability of the resident defendant, and

a second application for a removal from the State to the Federal court has been made and denied after a trial and the trial court has sustained a demurrer to the evidence as to the resident defendant, and where it appears that the ruling was on the merits and *in invitum.* *Powers v. Chesapeake and Ohio Ry. Co.,* 169 U. S., 92, distinguished, and *Whitcomb v. Smithson,* 175 U. S., 635, followed. Where a fraudulent joinder of defendants is averred by the party petitioning for removal and is specifically denied, the petitioner has the affirmative of the issue."

These and other authorities are also to the effect that where the petition for removal, properly verified, as in this case, and accompanied by proper and sufficient bond has been filed in the State court, and the same contains allegation of fraudulent joinder, together with full and direct statement of the facts and circumstances of the transaction, sufficient if true to demonstrate that there has been such fraudulent joinder of the resident defendant, in such case the order for removal should be made, and the jurisdiction of the State court is at an end. If the plaintiff desires to challenge the truth of these averments, he must do so on motion to remand or other proper procedure in the Federal court. That court being charged with the duty of exercising jurisdiction in such case, must have the power to consider and determine the facts upon which the jurisdiction rests. *Chesapeake Ry. v. McCabe,* 213 U. S., 207; *Wecker v. Natural Enameling, etc., Co.,* 204 U. S., 176; *Kansas City Ry. v. Daughtery,* 138 U. S., 298; *Boatman's Bank v. Hootzlar,* 75 Kansas, 479; *McAlister v. Chesapeake Ry.,* 157 Fed., 740; *Atlantic Coast Line v. Bailey,* 151 Fed., 890; *So. Ry. v. Hudgins,* 107 Ga., 334; *Bryson v. McPherson,* 71 Iowa, 437.

As we have heretofore intimated, we think a petition in cases like the present should be verified. Ordinarily, in causes coming within the direct provisions of the statute such verification is not absolutely required, though it is usual to have it, and in these petitions alleging fraudulent joinder there are one or two cases in the lower Federal courts which hold that no verification is necessary. But this is not a case coming directly within the terms of the statute, but rather a corollary which arises from the necessity of the case, and the procedure therein should be to

some extent the subject of judicial regulation and control. As it would be inexpedient and to some extent an idle thing to confer jurisdiction of a cause on the Circuit Court of the United States and allow to some other tribunal the power to determine the facts upon which the jurisdiction rests, so it would be to seriously inconvenience and threaten the proper and timely exercise of jurisdiction on the part of the State courts to require them to stay their procedure, on simple allegations which can be made without consideration or any sense of responsibility, and we think it rests on sound reason and is a fair deduction from the authoritative cases that the petition for removal by reason of fraudulent joinder should be duly verified. *Louisville and Nashville R. R. v. Wangelin,* 132 N. C., 599; *Welch v. Cin., etc., R. R.,* 177 Fed., 760; *Kelly v. Chicago, etc., R. R.,* 122 Fed., 286; *Ross v. The Erie R. R.,* 120 Fed., 703; *Union Terminal v. Chicago,* 119 Fed., 209. In *Wangelin's case, supra,* the affidavit of the vice president of the road as to the truth of the facts contained therein accompanied the petition of removal. In *Ross's case* it appears that the petition was duly and properly verified by defendant company. This is certainly the prevalent custom, and should always be required. There is no error, and the judgment directing removal of the cause is

Affirmed.