RONALD S. SWAIN v. THE INTERSTATE COOPERAGE COMPANY ET AL.

(Filed 22 April, 1925.)

1. Removal of Causes — Federal Courts — Negligence — Joint Torts — Fraudulent Joinder—Parties.

Where in an action brought in the State court against a nonresident and resident defendant, it is alleged that the resident defendant was the manager in charge of the factory of the nonresident defendant for the installation and placing of power-driven machinery, and states that through the negligence of both in the installation and placing the machinery, a pulley block burst and caused the injury in suit by a flying fragment therefrom, a joint tort is alleged against both the defendants, jointly and severally, and a motion to remove to the Federal Court made in the State court on the ground of diversity of citizenship will be denied, when based without more upon allegations in the petition that the actions were severable.

2. Same—Petition to Remove.

In order to sustain a motion for the removal of a cause from the State to the Federal Court for diversity of citizenship on the ground of a fraudulent joinder of a resident defendant, the petition must state facts sufficient for the granting of the motion on this ground, and the pleader's conclusions otherwise are insufficient.

APPEAL by plaintiff from *Brown, J.*, at December Term, 1924, of BEAUFORT.

Swain *v.* Cooperage Co.

Civil action instituted and pending on 20 October, 1924, in the Superior Court of Beaufort County. Duly verified complaint was filed by plaintiff and before time for answering same had expired, defendant, the Interstate Cooperage Company, filed with the clerk of said court its petition, duly verified, accompanied by bond as required by statute, praying that said court proceed no further in said action, except to make an order of removal, and to accept the bond filed with the petition, and to cause the record in said action to be removed from the Superior Court of Beaufort County into the District Court of the United States for the Eastern District of North Carolina. The motion for removal was allowed by the clerk. From the order of removal, plaintiff appealed. The petition was then heard and considered by the judge presiding at the next ensuing term of the Superior Court of Beaufort County. The judge affirmed the order of the clerk, and ordered that the action be removed. To this order, plaintiff excepted and appealed therefrom to this Court. Assignment of error is based on this exception.

*Tooly & McMullan for plaintiff.*
*Small, MacLean & Rodman for defendants.*

Stacy, C. J. This is a civil action pending in the Superior Court of Beaufort County. Plaintiff, a citizen of the State of North Carolina, seeks to recover damages for a personal injury alleged to have been caused by the joint wrong of defendants, The Interstate Cooperage Company, a citizen of the State of New York, and W. A. Buys, a citizen of the State of North Carolina. The amount involved is $50,000, the damages alleged in the complaint.

It is alleged in the complaint that on 8 August, 1923, and for some time prior thereto, the plaintiff was and had been an employee of defendant, The Interstate Cooperage Company; that defendant, W. A. Buys, was, on said date, and had been for some time prior thereto, the manager of the box factory, and other wood-working plants owned and operated by his codefendant, at Belhaven, N. C.; that plaintiff, sometime prior to 8 August, 1923, had been ordered and directed by the Interstate Cooperage Company, and W. A. Buys, "as its spokesman and agent" to leave the commissary of defendant company, where he had been at work, and to go to work in the box factory of said defendant; that his duty in said box factory was to supervise and direct the work of the men employed there; that the machinery in said box factory had been installed by the company under the direction and supervision of W. A. Buys, its manager; that on 8 August, 1923, while plaintiff was engaged in the performance of his duties, in said box factory, a pulley, driving the fan described in the complaint, suddenly broke into numer-

34—189

ous fragments of jagged cast iron, one of the said fragments striking plaintiff on the head, inflicting a serious and permanent injury to plaintiff.

Plaintiff alleges that said injury was caused by the negligence of defendants, in that defendants wrongfully failed to furnish plaintiff a reasonably safe place in which to work, and in that defendants had wrongfully and negligently failed to provide a sufficient and suitable fan for the purpose of blowing the shavings, dust, bark and other waste material, accumulated from the boards passing through the planer and other machinery in said box factory, and wrongfully and negligently failed to provide sufficient and suitable conveyors to and from said fan, thus causing the fan to become choked and clogged with waste material; that thereby the fan was subjected to much strain, thus causing the pulley to break into fragments; that the injury sustained by plaintiff was the direct and proximate result of said negligence.

Plaintiff further alleged that the shaft and pulley were not properly installed by defendants, in that defendants wrongfully and negligently connected the shaft, driving said pulley, with the pulley below said mill, by a belt placed in one-quarter turn; that the defendants negligently and wrongfully placed and located the machinery in said box factory, and that this negligence of defendants was the direct and proximate cause of the injury sustained by plaintiff.

Defendants, The Interstate Cooperage Company, upon petition filed in apt time, that is, before the time for answering the complaint had expired, prayed that the action be removed from the Superior Court of Beaufort County into the District Court of the United States for the Eastern District of North Carolina. The facts, upon which this motion was made, as alleged in the petition, are (1) that plaintiff is now and was at date of alleged injury a citizen of the State of North Carolina; (2) that defendant, The Interstate Cooperage Company, is now and was on said date a citizen of the State of New York; (3) that the amount in controversy exceeds three thousand dollars, exclusive of interest and cost; (4) that the cause of action as between plaintiff on the one side, and petitioner and its codefendant, W. A. Buys, on the other, is separable and (5) that defendant, W. A. Buys, a citizen of the State of North Carolina, was wrongfully and fraudulently joined with petitioner, a nonresident, as a defendant for the sole and only purpose of preventing a removal of the action into the District Court of the United States, and of depriving said Court of its rightful jurisdiction of the action.

The District Court of the United States has jurisdiction of the action as stated in the complaint, in favor of plaintiff, a citizen of the State of North Carolina, and against defendant, The Interstate Cooperage Company, a citizen of the State of New York, the amount involved

being in excess of the jurisdictional sum. It has, however, no jurisdiction of the action, as stated in the complaint, in favor of plaintiff and against both defendants, W. A. Buys, one of the defendants, being a citizen of the same state as plaintiff. The action is therefore not removable (1) unless it is separable, as between defendants, or (2) unless the resident defendant has been joined with the nonresident defendant with the fraudulent purpose of thereby depriving the nonresident defendant of a right which it has under the Constitution and laws of the United States, and of depriving the District Court of its rightful jurisdiction of the action.

Plaintiff states his cause of action in his complaint as founded upon the joint wrong of defendants; he sues them as joint tort-feasors. They are liable to him, if liable at all, jointly and severally, for damages caused by their joint wrong. The controversy is not wholly between citizens of different States and, not being separable, is not removable upon that ground. In *Smith v. Quarries Co.,* 164 N. C., 338, this Court has said: "It is the approved position with us that actions of this character may be prosecuted as for a joint wrong, and authoritative decisions hold that when so stated in the complaint and made in good faith, the allegations viewed as a legal proposition must be considered and passed upon as the complaint presents them, and in such case no severable controversy is presented which requires or permits a removal to the Federal Courts." Again in *Hollifield v. Telephone Co.,* 172 N. C., 714, "The plaintiff is entitled to have his cause of action considered as stated in his complaint. If there has been a joint tort committed, he may sue the wrongdoers jointly or separately, at his election, as they are liable to him in either form of action." *Hough v. R. R.,* 144 N. C., 692; *R. R. v. Miller,* 217 U. S., 209, 54 L. Ed., 732; *R. R. v. Thompson,* 200 U. S., 206, 50 L. Ed., 441.

Petitioner further alleges that W. A. Buys, a resident of the State of North Carolina, was wrongfully and fraudulently joined with petitioner as a defendant for the sole and only purpose of preventing a removal of the action into the District Court of the United States and of depriving said Court of its rightful jurisdiction of the action.

The right of removal cannot be defeated by the fraudulent joinder of a resident defendant having no real connection with the controversy. If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown to be only a sham or fraudulent device to prevent a removal; but the showing must be made by a statement in the petition for removal of facts rightly leading to that conclusion apart from the pleader's deductions. *Wilson v. Republic Iron & Steel Co.,* 257 U. S., 92, 66 L. Ed., 144; *Rea v. Mirror Co.,* 158 N. C., 28; *Johnson v. Lumber Co., ante,* 81.

The facts alleged in the petition may be sufficient to show a fraudulent joinder, but the allegations of the complaint are broad enough to state a cause of action against both defendants. Not only is it alleged that ordinary care was not used in undertaking to provide the plaintiff with a reasonably safe place to work, but it is also alleged that the defendant Buys, in the discharge of his duties as general manager of the Interstate Cooperage Company, negligently failed to install the machinery in a proper manner, which proximately resulted in injury to the plaintiff. The plaintiff is entitled to have his cause of action considered as stated in his complaint. *Smith v. Quarries Co., supra.*

In *Rea v. Mirror Co.,* 158 N. C., 25, the order of removal on the ground of a fraudulent joinder of a resident general manager was approved, but there it was stated in the petition that the resident "defendant was not present or in the factory when the plaintiff was injured; that the injury received was neither the direct nor proximate result of any negligence of said resident defendant nor of the breach of any duty imposed upon him, nor of the failure to use due care, caution or prudence, and properly discharge his duties, which are and were at and before the alleged injury of plaintiff, in the office of the nonresident defendant." And there was nothing in the complaint to challenge this statement.

In *Smith v. Quarries Co.,* 164 N. C., 338, the refusal of the order of removal was affirmed on the ground that it appeared from the allegations in the complaint that the resident defendants had some authority over plaintiff's intestate and were charged with some responsibility concerning him while at work for the nonresident defendant. Facts were alleged which, though controverted by petitioner, if true, were sufficient to impose liability upon the resident defendant jointly with the nonresident defendant.

In *Hollifield v. Telephone Co.,* 172 N. C., 714, *Walker, J.,* distinguishing that case from *Rea v. Mirror Co.,* said: "But in this case the plaintiff has alleged in his complaint that J. C. Hollifield (the resident defendant) was superintendent of the work in which plaintiff was employed at the time he was injured, had general charge and control of it, and was clothed with authority to employ and discharge plaintiff and the other hands for disobedience to his orders, and generally represented his principal, the telephone company, in this respect, and that, holding this position in the service of the company, he directed the plaintiff, who was inexperienced, to perform work which J. C. Hollifield knew to be dangerous, and without proper warning of the danger to his subordinates or proper instructions to them as to how to do the work

with safety." This Court approved the denial of the motion to remove that case. See, also, *Fore v. Tanning Co.,* 175 N. C., 583; *Stevens v. Lumber Co.,* 186 N. C., 749.

Under authority of the *Smith* and *Hollifield cases,* we think the learned judge erred in ordering the cause removed to the Federal Court.

Error.