FRED COX, by His Next Friend, M. G. STAMEY, v. WHITMER-PARSONS PULP AND LUMBER COMPANY, and PECO SNEED.

(Filed 12 January, 1927.)

1. **Removal of Causes—Federal Courts—Fraudulent Joinder—Separable Controversy—Complaint—Diverse Citizenship.**

Upon the question of whether an action against a nonresident and a resident defendant is severable, and whether the resident defendant was fraudulently joined to oust the statutory jurisdiction of the Federal Court, the matters relating thereto as alleged in the complaint are controlling upon the motion of the nonresident defendant to remove the cause to the Federal Court for diversity of citizenship.

2. **Same—Issues—Jurisdiction.**

If the petition of the nonresident defendant sufficiently alleges that a resident defendant was joined by the plaintiff merely to defeat the jurisdiction of the Federal Court, which is sufficiently controverted by the plaintiff, an issue of fact is raised for the determination of the Federal Court.

3. **Same—Questions of Law.**

Where a nonresident defendant seeks to remove a cause from the State to the Federal Court for fraudulent joinder of a resident defendant, he must set forth the facts constituting the fraud upon which he relies, and not its mere conclusion of law.

4. **Same—Master and Servant—Safe Place to Work—Nondelegable Duty of Master.**

Where the complaint alleges facts tending only to show that the tort upon which he rests his action for damages arose from the nondelegable duty of a nonresident master, and that there was no independent act of negligence attributable to the plaintiff's superior who was joined as a resident defendant, upon the nonresident defendant's proper and sufficient petition and bond for the removal of the cause from the State to the Federal Court for diversity of citizenship, no sufficient ground for a fraudulent joinder to oust the jurisdiction of the Federal Court appears, and the cause will accordingly be ordered removed by the State court.

Stacy, C. J., and Adams, J., dissenting.

Appeal by plaintiff from order of *Harding, J.,* at Chambers, dated 6 August, 1926. From Haywood. Affirmed.

Action to recover damages for personal injuries, commenced in the Superior Court of Haywood County. In apt time, defendant, Whitmer-Parsons Pulp & Lumber Company, filed its petition for the removal of the action from the Superior Court of Haywood County to the United States District Court for the Western District of North Carolina. From order directing the removal of the action in accordance with the prayer of the petition, plaintiff appealed to the Supreme Court.

*Morgan & Ward for plaintiff.*
*Thomas S. Rollins for defendant.*

Connor, J. Plaintiff is a citizen of North Carolina, residing in Haywood County; defendant, Whitmer-Parsons Pulp & Lumber Company, is a corporation, organized under the laws of the State of Delaware, and is a citizen of said state; defendant, Peco Sneed, is a citizen of North Carolina. The amount involved in this action, which was commenced in the Superior Court of Haywood County, is $25,000, which sum plaintiff seeks to recover of defendants as damages for personal injuries alleged to have been caused by the joint negligence of defendants.

At the time of his injury, plaintiff was an employee of defendant, Whitmer-Parsons Pulp & Lumber Company; he alleges that defendant Peco Sneed was the superintendent and foreman of said company, in charge of the construction of the trestle from which plaintiff fell. He further alleges that he was ordered and directed by the said Peco Sneed as superintendent and foreman of his codefendant, to assist in laying steel rails across a high trestle. While at work, pursuant to such orders and directions, he fell and was injured. He alleges that his injuries were caused by the negligence of defendants, and each of them, in that—

"(a) The defendants and each of them negligently and carelessly provided a dangerous and hazardous and unsafe place for the plaintiff to do the work then and there required of him, and failed and neglected to provide and furnish the plaintiff with a reasonably suitable and safe place to perform the work then and there required of him;

"(b) The plaintiff, being then a minor of tender years, without any experience whatever, was ordered and directed to go out on a high trestle, which had been negligently floored, and on which one of the ties on which the plaintiff was required to stand and work did not extend all the way across the said trestle, thereby leaving a hole which the plaintiff was permitted and allowed to fall through without warning the plaintiff of the dangers incident thereto, and without using proper care in furnishing the plaintiff with a reasonably safe place to do and perform his work;

"(c) Defendants furnished the plaintiff with a crowbar which was broken off, and which was too short to do and perform the work then and there required of him, and which by reason of being too short and broken off caused the plaintiff to fall through said hole which was negligently and carelessly left in said trestle;

"(d) Defendants carelessly and negligently caused the plaintiff to fall through said hole in said trestle, which had been left by the negligence of the defendants in placing thereon a short tie, thereby causing the plaintiff's head to be bursted, mashed, lacerated, bruised and permanently

injured, and other parts of his body to be bruised and mashed, all to his great damage, as hereinafter stated."

In its petition for the removal of the action from the Superior Court of this State to the United States District Court for the Western District of North Carolina for trial (Jud. Code, secs. 28 and 29; U. S. Comp. Stat., secs. 1010 and 1011), defendant, Whitmer-Parsons Pulp & Lumber Company, alleges:·

"That plaintiff has wrongfully and fraudulently joined as a codefendant with your petitioner one Peco Sneed, who is an immaterial, unnecessary and improper party to this controversy, and that the controversy is one solely between the plaintiff and the petitioner for whom plaintiff was working as an employee, at the time he was injured.

"That the plaintiff was a common laborer and member of a section crew engaged in lining steel rails on a trestle at the time of his injury, and the said Peco Sneed was the section foreman; that plaintiff was using a crowbar which was in good condition, and was doing the work in his own way at the time he stepped and fell from the trestle; that all of the crossties on the trestle were the usual and ordinary length and were 10 feet and longer, and that the shortest crossties, which were 10 feet in length, extended 21 inches on the outside of the rail on each side of the track; that some of the crossties were longer than 10 feet and extended something like 3 or 3½ feet on the outside of the rails.

"That the plaintiff was standing on the end of one of the 10-foot crossties, on the outside of the rail, and while using a crowbar in lining the rail, negligently, thoughtlessly and carelessly stepped back without looking and fell from the end of the crosstie to the ground, a distance of 20 to 22 feet, without any fault or negligence on the part of defendants or of either of them.

"That said Peco Sneed was not immediately present at the time plaintiff stepped and fell, and the plaintiff was doing ordinary common labor, along with other section employees, in lining up the track; that the work plaintiff was engaged in was the work of your petitioner, and not the work of the said Peco Sneed; that it was no part of the duty of said Peco Sneed to furnish the plaintiff with a reasonably safe place to work, reasonably safe tools and appliances, give the plaintiff warnings and instructions in constructing the trestle, but that it was a duty owed to the plaintiff by the petitioner, as the employer, and was not the duty of said Peco Sneed.

"And your petitioner avers that the plaintiff has wrongfully and fraudulently made these joint allegations of negligence against your petitioner and the said Peco Sneed and has wrongfully and fraudulently joined the said Peco Sneed with your petitioner for the fraudulent purpose of preventing a removal of this cause to the Federal Court,

which has rightful jurisdiction over this controversy and which can be fully tried out between them without the presence of said Peco Sneed; that the plaintiff knew that said allegations against Peco Sneed were untrue and with full knowledge on his part, he made the same, not in good faith, but for the wrongful and fraudulent purpose of preventing a removal."

For the purpose of determining whether the cause of action upon which plaintiff seeks to recover of defendants is separable, and therefore removable from the State court to the Federal Court, upon the petition of the nonresident defendant, the facts as alleged in the complaint are determinative. *Timber Co. v. Ins. Co.,* 190 N. C., 801. In *Smith v. Quarries Co.,* 164 N. C., 338, this Court has said: "It is the approved position with us that actions of this character may be prosecuted as for a joint wrong, and authoritative decisions hold that when so stated in the complaint and made in good faith, the allegations viewed as a legal proposition must be considered and passed upon as the complaint presents them, and in such case no several controversy is presented which requires or permits a removal to the Federal Courts." In *Hollifield v. Telephone Co.,* 172 N. C., 714, it is said: "The plaintiff is entitled to have his cause of action considered as stated in the complaint. If there has been a joint tort committed, he may sue the wrongdoers jointly or separately, at his election, as they are liable to him in either form of action." These principles are approved in *Swain v. Cooperage Co.,* 189 N. C., 528. In his complaint filed in this action, plaintiff seeks to recover of defendants as joint *tort-feasors;* the cause of action is founded upon the joint wrong of defendants, and if the facts as stated in the complaint are alleged in good faith, the controversy is not separable, and, although between citizens of different states, is not removable on that ground.

The right of removal by a nonresident defendant with whom plaintiff has joined a resident defendant, cannot be defeated, if such joinder is fraudulent, in that the resident defendant has no real connection with the controversy but was joined as a defendant with the purpose of preventing a removal from the State to the Federal Court. "If in such a case, a resident defendant is joined, the joinder although fair upon its face, may be shown to be only a sham or fraudulent device to prevent a removal; but the showing must be made by a statement in the petition for removal of facts rightly leading to the conclusion apart from the pleader's deductions." *Swain v. Cooperage Co., supra,* and cases cited. If the facts alleged in the petition, taken to be true, show that the resident defendant has no real connection with the controversy, the petition for removal must be granted by the State court; if they are controverted by the plaintiff, the issues must be determined in the Federal Court, which will remand or retain the action for trial, upon its findings of facts involved in the issues raised. *Johnson v. Lumber Co.,* 189 N. C., 81, and cases cited.

In the instant case, both plaintiff and the resident defendant were employees of the nonresident defendant; the negligence alleged as the cause of plaintiff's injuries was the breach of nondelegable duties owed by the nonresident defendant to plaintiff, by reason of their relationship as employer and employee; plaintiff and the resident defendant were coemployees of the nonresident defendant; the fact that the resident defendant was the foreman in charge of the work, upon which plaintiff was engaged at the time of his injury, does not *ex vi termini* impose upon him the duties by the breach of which plaintiff alleges he was injured; petitioner alleges in its petition that said foreman owed no duty to plaintiff, with respect to the place at which he was at work or the tools and appliances furnished plaintiff by his employer with which to do his work, or with respect to warnings and instructions as to the danger necessarily involved in his work; that petitioner alone owed these duties to plaintiff. Said foreman, as appears from the petition, was not present when plaintiff was injured, and had given no specific orders or directions as to the place at which plaintiff was working when he was injured, or as to the tools with which he was working. If the facts are as alleged in the petition for removal, Peco Sneed has no real connection with the controversy between plaintiff and his employer, the petitioner; he is, as alleged in the petition, an immaterial, unnecessary, and improper party to the action. The facts alleged in the petition rightly lead to the conclusion that he was joined as a defendant, not in good faith, but for the purpose of preventing a removal of the action from the Superior Court of Haywood County to the United States District Court.

We find no error in the order of removal. It is

Affirmed.

STACY, C. J., and ADAMS, J., dissent.