MARY E. NEWTON, ADMX., v. LIGGETT & MYERS TOBACCO COMPANY.

(Filed 21 December, 1927.)

**Removal of Causes—Petition—Amendments.**

Amendments to a petition for removal of a cause from the State to the
Federal Court does not defeat movant's right when motion to amend is
made in apt time.

APPEAL by plaintiff from *Midyette, J.,* at March Term, 1927, of
DURHAM. Affirmed.

Action to recover damages for wrongful death. Upon petition of the
nonresident defendant, the action was removed from the Superior Court
of Durham County to the District Court of the United States for the
Eastern District of North Carolina, for trial.

From the order of removal, plaintiff appealed to the Supreme Court.

*McLendon & Hedrick for plaintiff.*
*Fuller, Read & Fuller for defendant.*

PER CURIAM. The summons in this action was returnable before the
clerk of the Superior Court of Durham County on 19 February, 1927.

Plaintiff filed her verified complaint prior to such return day. The nonresident defendant filed its petition for removal on 3 March, 1927, prior to the expiration of the time fixed by statute for filing answer to the complaint. Upon the hearing of this petition by the clerk, it was denied. The petitioner appealed from the order of the clerk denying its petition to the judge.

This appeal was heard by the judge on 11 March, 1927, during the March Term of court. Petitioner then moved for leave to amend its petition. This motion was taken under consideration by the judge, who allowed same on 19 March, 1927. Petitioner thereupon filed its amended petition, and plaintiff duly excepted.

Upon the hearing of the amended petition, the judge signed the order of removal, and plaintiff again excepted. Plaintiff's assignments of error upon her appeal to this Court are based upon these exceptions. Neither of these assignments of error can be sustained. The motion for leave to amend was made prior to the expiration of the time to answer, and was allowed thereafter by the judge, during the term of court. For the purposes of the motion for removal, it must be taken that the amended petition was filed as of the date of the motion to amend, which was prior to the expiration of the time allowed defendant by statute to file answer to the complaint.

The amended petition is substantially the original petition as filed before the clerk. The order of removal upon the original petition is supported by *Crisp v. Champion Fibre Co.,* 193 N. C., 77, 136 S. E., 239, and by *Cox v. Lumber Co.,* 193 N. C., 28, 136 S. E., 254. The amended petition is but a restatement of the grounds for removal. The principles to be applied upon consideration of a motion for removal from the State to the Federal Court of an action pending in the State court, are well settled; they were correctly applied by the judge upon the facts set forth in the petition in this case. The order is

Affirmed.