G. A. GIVENS v. SAVONA MANUFACTURING COMPANY, ALFRED JEPSON AND JOHN T. STILES.

(Filed 12 December, 1928.)

**1. Removal of Causes—Proceedings to Procure Removal—Jurisdiction.**

Where the complaint in an action for damages alleges a joint *tort* of a nonresident defendant and resident defendants, upon a proper petition for the removal of the cause to the Federal Court and bond filed in the court of this State by the nonresident defendant, the State Court has jurisdiction to retain the cause upon the question of fraudulent joinder of the resident defendants to defeat the jurisdiction of the Federal Court.

**2. Removal of Causes — Citizenship — Separable Controversies — Joint Torts.**

An action against a nonresident manufacturing company and its superintendent and foreman, brought by the employee who alleges, with particularity, acts of negligence against each defendant in failing to provide him a safe place in which to work, ordering him to continue to work under dangerous conditions known to them, and in not instructing him how to do the work required of him in a manner to avoid the danger: *Held*, the record discloses allegations of a joint *tort* against each of the defendants and the State Court will retain the cause upon the petition of the nonresident to remove it to the Federal Court. *Cox v. Lumber Co.*, 193 N. C., 28; *Johnson v. Lumber Co.*, 189 N. C., 81, cited and distinguished.

APPEAL by defendant, Savona Manufacturing Company, from order of *Harding, J.,* dated 30 July, 1928. From MECKLENBURG. Affirmed.

The above entitled action was heard upon defendant's appeal from an order of the clerk, denying defendant's motion for the removal of the action from the Superior Court of Mecklenburg County to the United States District Court for the Western District of North Carolina, for trial. The petition, upon which this motion was made, was duly filed, as provided by statute.

From the order of the judge, affirming the order of the clerk, and denying its motion, defendant appealed to the Supreme Court.

*Marvin L. Ritch, T. L. Kirkpatrick and B. G. Watkins for plaintiff.*
*John M. Robinson for defendant.*

CONNOR, J. This action was begun, and was pending, on 18 May, 1928, in the Superior Court of Mecklenburg County. Upon the cause of action alleged in his complaint, plaintiff demands judgment that he recover of defendants, as damages for personal injuries, caused by their negligence, a sum of money largely in excess of $3,000.00.

On 18 May, 1928, defendant, Savona Manufacturing Company, filed its petition with the clerk of said court, praying that the action be removed from said court to the United States District Court for the Western District of North Carolina, for trial. This petition was filed, and the motion in accordance with its prayer made, after a full and strict compliance with the provisions of the statutes relative to the removal of causes from a State Court to a Federal Court. Jud. Code, sec. 29, 3 C. S., 913(b).

Defendant, Savona Manufacturing Company, is a corporation, organized and existing under the laws of the State of New Jersey; it owns and operates a cotton factory in North Carolina. Its codefendants, Alfred Jepson and John T. Stiles, are residents of the State of North Carolina. The former is employed as superintendent of, and the latter as a foreman in, the cotton factory owned and operated by the Savona Manufacturing Company. At the date of his injuries, plaintiff was an employee of the Savona Manufacturing Company, and as such employee he was required to work in said factory under the supervision and subject to the orders of said superintendent and foreman.

In his complaint, plaintiff alleges that he was injured, as set out therein, while at work as an employee of defendant, Savona Manufacturing Company, under the supervision and subject to the orders of the defendants, Alfred Jepson and John T. Stiles, superintendent and foreman, respectively, of their codefendant, and that the proximate cause of his injuries was the negligence of said defendants (1) in failing to exercise due care to provide for him a reasonably safe place to work; (2) in ordering and requiring him to work in such place, when defendants, and each of them, knew that it was not at the time a reasonably safe place; and (3) in failing to instruct him with respect to the dangers incident to the work which he was ordered and directed by defendants to do, and also with respect to the manner in which such work should be done so as to avoid such dangers. The facts alleged in the complaint as constituting actionable negligence on the part of defendants and each of them, are set out in the complaint, specifically, with great detail, and much particularity. These facts constitute a cause of action upon

which defendants are jointly liable to plaintiff; the action is, therefore, not removable, upon petition of the nonresident defendant, on the ground of its separability as to each defendant. Plaintiff has elected to state his cause of action, in his complaint against defendants, as joint *tort-feasors;* the allegations of the complaint are controlling upon the question as to whether the cause of action is joint or several. *Crisp v. Fibre Co.,* 193 N. C., 77, 136 S. E., 238.

In its petition for removal of the action from the State Court to the Federal Court, for trial, the Savona Manufacturing Company alleges:

"5. That the plaintiff has wrongfully and fraudulently joined as co-defendants with your petitioner, the defendants, Alfred Jepson and John T. Stiles, who are immaterial, unnecessary and improper parties to this controversy, and that the controversy is wholly between the plaintiff and this petitioner, for whom the plaintiff was working as an employee at the time of his injury; and that this controversy, and *every issue of law and fact therein is one solely between citizens of different states,* to wit, between the plaintiff, a citizen and resident of the State of North Carolina, as hereinbefore stated, and this defendant, a citizen and resident of the State of New Jersey, and a nonresident of the State of North Carolina."

Petitioner further alleges, after setting out the facts in detail, and with much particularity, that "as hereinbefore stated, the plaintiff, at *the time and on the occasion in question, was not working under the* direct orders or instructions either of the defendant Jepson, or of the defendant Stiles, and that neither of them was in any way responsible for any injury the plaintiff may have received on the occasion in question, and your petitioner avers that the plaintiff has wrongfully and fraudulently included in his complaint allegations of negligence against said individual defendants, and has wrongfully and fraudulently joined said individual defendants with your petitioner for the sole and fraudulent purpose of preventing a removal to the Federal Court which has rightful jurisdiction over this controversy, and that this controversy can be fully tried out between plaintiff and this petitioner without the presence of said individual defendants."

The principles of law, upon which a motion for the removal of an action pending in a State Court, from said court to a Federal Court, for trial, upon the ground of a fraudulent joinder of resident defendants with a nonresident defendant, for the fraudulent purpose of preventing such removal, must be allowed or denied by the State Court, are well settled. Authoritative decisions of this Court, as well as of courts of other jurisdictions, both State and Federal, with which our

decisions are in full accord, are cited and reviewed in the opinion of *Stacy, C. J.*, in *Crisp v. Fibre Co., supra.* It is there declared as our holding, upon this question:

"That when the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the State Court decide the question on the face of the record, taking, for this purpose, the allegations of the petition to be true. To warrant a removal in such case, however, the facts alleged in the petition must lead unerringly to the conclusion, or rightly engender and compel the conclusion, as a matter of law, aside from the deductions of the pleader, that the joinder is a fraudulent one in law and made without right. *Fore v. Tanning Co.*, 175 N. C., 584, 96 S. E., 48."

Upon the application of this principle to the facts alleged in the petition and also in the complaint, and thus appearing on the record in the instant case, we conclude that there was no error in denying defendant's motion for removal upon its petition in this action.

We think the facts appearing on the face of the record herein, readily distinguish the instant case from *Cox v. Lumber Co.*, 193 N. C., 28, 136 S. E., 254, and from *Johnson v. Lumber Co.*, 189 N. C., 81, 126 S. E., 165. Appellant, in its brief filed in this Court, relies upon both of these cases to sustain its contention that there was error in the refusal of the court below to allow its motion for removal.

In neither of these cases was the foreman, under whose orders the plaintiff therein was required to work, present at the time plaintiff was injured; nor did it appear on the face of the record, in either case, that the foreman had failed to instruct plaintiff as to the dangers incident to his work, or as to the manner of doing his work so as to avoid such dangers; it did not appear that the foreman had given plaintiff any specific order with respect to the work which plaintiff was directed by him to do. In neither of these cases did it appear that the foreman or vice-principal of the employer owed any duty to the plaintiff, the breach of which was the proximate cause of his injuries. It was held in those cases that the fact that plaintiff had joined as a defendant one who, upon the face of the record, was not liable to him, showed that such joinder was fraudulent and made with a fraudulent purpose to prevent a removal from the State Court to the Federal Court.

In the instant case, upon the face of the record, the resident defendants are liable to plaintiff. They failed to perform duties which they owed to him. They owed to him the duty to instruct him as to the dangers incident to the work which he was required to do and as to the manner of doing this work so as to avoid these dangers. They owed to him the duty not to order and direct him to work at a place which they knew was not reasonably safe. They owed him the duty,

while he wås at work at a place which would become unsafe, under certain conditions, to exercise due care to prevent the happening of these conditions. It appears upon the face of the record that the breach of these duties was the proximate cause of plaintiff's injuries. The resident defendants, upon the facts appearing on the face of the record are liable to plaintiff. The fact that they were not present at the time of the injury, giving to plaintiff specific orders with respect to his work, does not relieve them of liability. Plaintiff was at work under their orders, at a place which they knew was dangerous, under conditions then existing, which they could have prevented by the exercise of due care for the safety of plaintiff.

Our decision in this case is sustained by the decision in *Swain v. Cooperage Co.,* 189 N. C., 528, 127 S. E., 538. Upon the facts appearing on the record in that case, it was held that the superintendent of defendant company was liable to plaintiff, and that there was error in the refusal of the motion to remove, upon the ground of fraudulent joinder.

Where an employer is liable to an employee for damages caused by negligence arising from the breach of a nondelegable duty, the viceprincipal of the employer, under whose orders the employee was at work at the time he was injured, may or may not be personally liable to the employee. His liability must be determined by the facts of the particular case. We need not now discuss or decide the interesting question as to when or under what circumstances he may be held personally liable. Upon the facts of the instant case, both the superintendent of and the foreman in, the factory owned and operated by defendant, Savona Manufacturing Company, are liable to plaintiff. There was no error in refusing the motion for removal. The order affirming the order of the clerk and denying appellant's motion is

Affirmed.