R. B. SLAUGHTER, ADMINISTRATOR OF ESTATE OF LEE DAVIS, DECEASED, V.
BEMIS LUMBER COMPANY AND ROBERT HUMES.

(Filed 12 June, 1929.)

**Removal of Causes C b—Action alleging joint negligence on part of resi-
dent and nonresident defendants is not removable.**

An action against a nonresident corporation and its resident foreman,
brought by an employee who alleges that he was under the direction and
control of the resident foreman, and that both defendants were negligent
in ordering the plaintiff to operate an "electrical stacker" and failing to
instruct him how to use the machine which was new and not in general
use, and in failing to give him a helper necessary for the safe operation,
of the machine, and in failing to warn and instruct the plaintiff as to the
danger incident to the work: *Held*, the complaint alleges a joint *tort*, and
the petition of the nonresident defendant for removal to the Federal
Court will be denied.

CIVIL ACTION, before *McElroy, J.*, at April Term, 1929, of GRAHAM.
The plaintiff alleged that his intestate, Lee Davis, was killed as the
proximate result of negligence of the Bemis Lumber Company and
the defendant, Robert Humes.

While it is not alleged in the complaint that the defendant, Bemis
Lumber Company, is a nonresident corporation, such allegation is found
in the petition for removal to the Federal Court.

It is alleged that the defendant, Robert Humes, is a citizen and resi-
dent of Graham County, and that at the time of the injury to plaintiff
said Humes was yard foreman and superintendent of the corporate
defendant "with full authority and power . . . to employ and dis-
charge hands and to give specific instructions to each and every of the
laborers and servants of his codefendant relative to all work and labor
done and performed upon said yard. . . . That plaintiff's intestate,
Lee Davis, was employed by the defendant, Bemis Lumber Company,
as a common laborer . . . and by it was placed under direct control,
direction and supervision of its codefendant, Robert Humes, he, the
said intestate, being required to do and perform all and every duty
required of him in the way and manner directed by the defendant,
Robert Humes."

Plaintiff further alleged that he was required by the defendants to
operate an electric stacking machine used for the purpose of stacking
lumber, and that said appliance was not approved and in general use
"but to the contrary was a new device still in its experimental stage.
That the defendants and each of them negligently and carelessly ordered,
directed and required plaintiff's intestate to operate said electrical
stacker . . . without sufficient instructions . . . and without

any instructions . . . and the defendants and each of them required him to attempt to load and run the same alone, when it was necessary to furnish a helper to put on the large and heavy pieces of lumber so as to keep said appliances constantly in use; and further, to give the operator of the same an opportunity to keep a lookout for his safety, but when required to work alone, as so negligently ordered by the defendants and each of them, it was impossible for the operator of said machine . . . to keep a lookout for his own safety."

Plaintiff further alleged that the defendants negligently failed to properly warn and instruct him as to the danger incident to the work.

The defendant in apt time filed a petition for removal, alleging fraudulent joinder of Robert Humes in order to prevent removal to the Federal Court.

The cause was heard by the clerk of the Superior Court, who overruled the petition and retained the case for trial in the State court.

Whereupon the nonresident defendant appealed to the judge of the Superior Court, who likewise declined to remove the cause to the Federal Court, and said defendant appealed to the Supreme Court.

*Morphew & Morphew and A. Hall Johnston for plaintiff.*
*R. L. Phillips for defendants.*

PER CURIAM. The judgment of the Superior Court is affirmed upon the authority of *Givens v. Mfg. Co.,* 196 N. C., 377. We see no substantial difference between the facts and law applicable thereto, between the case at bar and the *Givens case.*

Affirmed.

---

FATE LANGFORD v. KITCHEN LUMBER COMPANY.

(Filed 12 June, 1929.)

**Master and Servant C b—In this case held evidence of master's negligence sufficient to be submitted to jury.**

In this case held, evidence of the master's negligence in failing, in the exercise of reasonable care, to provide the servant a reasonably safe place to work and reasonably safe and suitable tools and appliances was properly submitted to the jury, and defendant's motion for judgment as in case of nonsuit was properly overruled.

APPEAL by defendant from *Harwood, J.,* at January Term, 1929, of GRAHAM. No error.