The plaintiff alleged that his intestate, Lee Davis, was killed as the proximate result of negligence of the Bemis Lumber Company and the defendant, Robert Humes.
While it is not alleged in the complaint that the defendant, Bemis Lumber Company, is a nonresident corporation, such allegation is found in the petition for removal to the Federal Court.
It is alleged that the defendant, Robert Humes, is a citizen and resident of Graham County, and that at the time of the injury to plaintiff said Humes was yard foreman and superintendent of the corporate defendant "with full authority and power . . . to employ and discharge hands and to give specific instructions to each and every of the laborers and servants of his codefendant relative to all work and labor done and performed upon said yard. . . . That plaintiff's intestate, Lee Davis, was employed by the defendant, Bemis Lumber Company, as a common laborer . . . and by it was placed under direct control, direction and supervision of its codefendant, Robert Humes, he, the said intestate, being required to do and perform all and every duty required of him in the way and manner directed by the defendant, Robert Humes."
Plaintiff further alleged that he was required by the defendants to operate an electric stacking machine used for the purpose of stacking lumber, and that said appliance was not approved and in general use "but to the contrary was a new device still in its experimental stage. That the defendants and each of them negligently and carelessly ordered, directed and required plaintiff's intestate to operate said electrical stacker . . . without sufficient instructions . . . and without *Page 396 
any instructions . . . and the defendants and each of them required him to attempt to load and run the same alone, when it was necessary to furnish a helper to put on the large and heavy pieces of lumber so as to keep said appliances constantly in use; and further, to give the operator of the same an opportunity to keep a lookout for his safety, but when required to work alone, as so negligently ordered by the defendants and each of them, it was impossible for the operator of said machine . . . to keep a lookout for his own safety."
Plaintiff further alleged that the defendants negligently failed to property warn and instruct him as to the danger incident to the work.
The defendant in apt time filed a petition for removal, alleging fraudulent joinder of Robert Humes in order to prevent removal to the Federal Court.
The cause was heard by the clerk of the Superior Court, who overruled the petition and retained the case for trial in the State court.
Whereupon the nonresident defendant appealed to the judge of the Superior Court, who likewise declined to remove the cause to the Federal Court, and said defendant appealed to the Supreme Court.
The judgment of the Superior Court is affirmed upon the authority ofGivens v. Mfg. Co., 196 N.C. 377. We see no substantial difference between the facts and law applicable thereto, between the case at bar and the Givens case.
Affirmed.