SILAS FRIZZELL v. SOUTHERN MICA COMPANY AND ALBERT RABY.

(Filed 18 December, 1929.)

**Removal of Causes C b—Mere denial of allegations upon which action is founded is insufficient to show fraudulent joinder.**

Where it is alleged in the complaint that the resident defendant was employed by his codefendant as a foreman, and that the plaintiff's injuries were caused by the joint tort of the defendants, and the allegation that the resident defendant was an employee of his codefendant is not denied in the petition for removal, a mere denial of the allegations upon which the cause of action is founded is not sufficient to sustain the contention that the joinder of the resident defendant was fraudulent, and the petition for removal of the cause from the State to the Federal Court is properly denied.

APPEAL by defendant, Southern Mica Company, from McElroy, J., at May Term, 1929, of JACKSON. Affirmed.

This action was heard upon plaintiff's appeal from the order of the clerk of the Superior Court of Jackson County, that the action be removed from said Superior Court to the District Court of the United

Matthews v. Lumber Company.

States for the Western District of North Carolina, for trial, in accordance with the prayer in the petition of the defendant, Southern Mica Company.

From order overruling the order of the clerk, and denying the prayer of its petition, the defendant, Southern Mica Company, appealed to the Supreme Court.

*Doyle D. Alley and Alley & Alley for plaintiff.*
*A. Hall Johnston for defendant.*

Per Curiam.   It is alleged in the complaint, and not controverted in the petition for removal that the defendant, Albert Raby, a resident of this State, at the date of plaintiff's injury, was employed by his co-defendant, a nonresident corporation, as a foreman in its mine in Macon County, North Carolina.   Plaintiff alleges that his injuries were caused by the joint tort of the defendant.   The allegations of the complaint upon which the cause of action is founded are controverted in the petition for removal.   This is not sufficient to sustain the contention that the joinder of the resident defendant with the nonresident was fraudulent.   *Hurt v. Mfg. Co., ante,* 1.

The order denying the prayer for the removal of the action from the State Court to the Federal Court is affirmed upon the authority of *Feaster v. McLelland Stores Company, ante,* 31; *Givens v. Manufacturing Company,* 196 N. C., 377, 145 S. E., 681; *Swain v. Cooperage Co.,* 189 N. C., 528, 127 S. E., 538.

Affirmed.