DAN WRIGHT v. PHŒNIX UTILITY COMPANY, CAROLINA POWER
AND LIGHT COMPANY AND JACK FERGUSON.

(Filed 22 January, 1930.)

1. **Removal of Causes C b——Where one resident defendant is a fellow-serv-
ant and the other the letter of an independent contract removal
upon petition of nonresident contractor is proper.**

Where it appears in a petition for the removal of a cause from the
State to the Federal Court that one of the resident defendants was a mere
fellow-servant and that the nonresident defendant was an independent con-
tractor doing work thereunder for the other resident defendant, and that
the work under the contract was not inherently dangerous: *Held,* where
the amount involved was sufficient and the proper procedure followed the
petition of the nonresident defendant for the removal of the cause from
the State to the Federal Court for diversity of citizenship was properly
allowed.

2. **Master and Servant D a——In order to liability of letter of independent
contract the work to be done must be inherently dangerous.**

The delegation of a duty under contract must be inherently dangerous
in order for the letter of the contract to be liable for an injury inflicted
upon an employee of the independent contractor in the performance of the
work thereunder, and an inherent danger is one that is inherent to the
performance of the contract itself and not a danger that might result from
carelessness in the performance.

CIVIL ACTION, before *Grady, J.,* at Special August Term, 1929, of
HAYWOOD.

The plaintiff alleged that he was employed by the Phœnix Utility
Company, a foreign corporation, and that said corporation had a con-
tract with its codefendant, Carolina Power and Light Company, by the
terms of which the said Phœnix Utility Company "was to construct cer-
tain tunnels under Cataloochee Mountain and other mountains in Hay-
wood County."

Plaintiff further alleged that he was required "to stand immediately
over and adjacent to a silo, and there to cut cement sacks and to open the
same, and to cause said cement to be poured into the mouth of the silo,
and thereafter to be permitted to fall through said silo down to a floor
below where the same was to be used in making concrete; and that in
cutting the wires from said sacks, and in opening said sacks, and there-
after permitting the same to spill and fall through said silo, large quan-
tities of cement and dust would fly through the air so thick that the
plaintiff and other employees could not see any distance; and that the
plaintiff was constantly required to breathe said cement and dust into his
lungs, which caused plaintiff to be injured, damaged and ruined for life
as hereinafter alleged." That Jack Ferguson "was placed in charge of a

dinkey engine and cars used by the defendants for conveying cement to the plant of the defendant companies near the mouth of one of the tunnels, . . . and it was the duty of said Jack Ferguson, foreman for the defendant companies, not to cause said dinkey engine and cars to be wrecked and the sacks of cement to be thrown on and around the plaintiff, and permitted to burst, so much so that the contents of said sacks spread over the plaintiff and caused him to inhale the same, and to be overcome as a result thereof."

Plaintiff further alleged that he began work on 10 August, 1928, and continued until 23 December, 1928, when he discovered "that he was inhaling large quantities of dust and particles of cement, and that it was causing him to cough, and otherwise injuring his chest, throat, larynx, and other parts of his body."

Plaintiff further alleged that he was furnished with a mask to prevent the inhalation of dust, and that after the masks were worn out the defendants failed to furnish other suitable masks.

The defendant, Phœnix Utility Company, in apt time, filed a petition for removal, alleging that the plaintiff was an employee of said corporation, and that the Carolina Power and Light Company had made a contract with the Phœnix Utility Company, whereby the Utility Company was to construct certain tunnels as an independent contractor.

The petitioner further alleged that Jack Ferguson was only a laborer and operator of a dinkey engine, and that said Ferguson was not a foreman, vice-principal, or agent in any respect whatsoever, "but was simply an employee engaged to perform certain services for the stipulated wages agreed upon; that the said Jack Ferguson had absolutely no authority over, or control, or direction of the plaintiff in this action, or any other employee upon said works, but was himself under the orders and directions of Harvey Allen, another employee of the petitioner, Phœnix Utility Company.

Both the Carolina Power and Light Company and Jack Ferguson are residents of North Carolina, and the petitioner alleged that the joinder of Jack Ferguson and the Carolina Power and Light Company, as defendants in this action was a fraudulent joinder as contemplated by law.

The motion for removal was granted by the clerk of the Superior Court of Haywood County, and the plaintiff appealed to the trial judge, who affirmed the judgment of the clerk and decreed that the cause should be removed to the Federal court, from which judgment the plaintiff appealed.

*Morgan, Ward & Stamey for plaintiff.*
*Rollins & Smathers and Harkins & Van Winkle for defendant.*

BROGDEN, J. It is to be observed that the plaintiff was not engaged in constructing tunnels, but that his sole duty was to open sacks of cement. Necessarily cement dust would arise from such an operation.

Practically every phase of the law of removal has been discussed by this Court in a long line of opinions, and it is, therefore, unnecessary to "thresh over old straw."

The simple question is whether the record, in the case at bar, falls within the principles of law announced in *Crisp v. Fibre Co.,* 193 N. C., 77, 136 S. E., 238, and *Givens v. Mfg. Co.,* 196 N. C., 377, 145 S. E., 681, or within the principles announced in *Rea v. Mirror Co.,* 158 N. C., 24, 73 S. E., 116; *Johnson v. Lumber Co.,* 189 N. C., 81, 126 S. E., 165, and *Cox v. Lumber Co.,* 193 N. C., 28, 136 S. E., 254.

We are of the opinion that the case falls within the line represented by the *Rea, Johnson* and *Cox cases, supra.* The petition for removal clearly discloses and engenders the conclusion, by ample statement of fact, that the resident defendant, Jack Ferguson, was not a foreman, *alter ego,* or vice-principal. However, the Carolina Power and Light Company, a resident of North Carolina, was also joined, but it is clear that the real defendant, Phœnix Utility Company, was an independent contractor. The Carolina Power and Light Company would not be liable, therefore, unless the work was inherently or intrinsically dangerous. The term "intrinsically dangerous" has been defined by this Court in several decisions, notably *Scales v. Lewellyn,* 172 N. C., 494, 90 S. E., 521. "We have recently said that "The rule in regard to 'intrinsically dangerous' work is based upon the unusual danger which inheres in the performance of the contract, and not from the collateral negligence of the contractor. Mere liability to injury is not the test, as injuries may result in any kind of work where it is carelessly done, although with proper care it is not specially hazardous." *Vogh v. Geer,* 171 N. C., 672, 23 A. L. R., 1016.

Applying the principles of law to the particular facts in the case at bar, we are of opinion that the work required of plaintiff does not fall within the legal classification of "inherently dangerous." Hence it necessarily follows that the real defendant is the Phœnix Utility Company, a nonresident corporation, and the order of removal was properly made.

Affirmed.