LORETTA FRAZIER, ADMINISTRATRIX, v. PIEDMONT AND NORTHERN
RAILWAY COMPANY ET AL.

(Filed 23 December, 1931.)

1. **Appeal and Error J d—The burden is on the appellant to show error.**

    On appeal from an order granting a motion for removal from the State
    to the Federal Court for diversity of citizenship and fraudulent joinder
    where the requisite jurisdictional amount is shown, the burden is on the
    appellant to overcome the presumption against error.

2. **Appeal and Error E a—Appeal in this case is dismissed for insufficiency of record.**

    Where the record on appeal fails to set out the summons or to indicate
    that the resident defendant had been served, and fails to show organization
    of court and that the court was properly held at the place and time
    prescribed by law, the appeal will be dismissed.

APPEAL by plaintiff from *Cowper, Special Judge,* at October Special
Term, 1931, of MECKLENBURG (as shown on face of judgment).

Civil action to recover damages for an alleged wrongful death, brought
against Piedmont and Northern Railway Company, a corporation chartered
under the laws of the State of South Carolina, and F. E. Williams,
citizen and resident of Mecklenburg County, N. C.

Motion by nonresident, corporate defendant to remove cause to the
District Court of the United States for the Western District of North
Carolina for trial. Motion allowed, and plaintiff appeals.

*G. T. Carswell and Joe. W. Ervin for plaintiff.*
*W. S. O'B. Robinson, Jr., for defendant, Piedmont and Northern
Railway Company.*

STACY, C. J. The petition for removal, besides showing the presence
of the requisite jurisdictional amount, asserts a right of removal on
the grounds of diverse citizenship, and alleges that the resident defendant
has been fraudulently joined to prevent such removal.

The trial court held that the case was controlled by the line of decisions
of which *Cox v. Lumber Co.,* 193 N. C., 28, 136 S. E., 254,
*Johnson v. Lumber Co.,* 189 N. C., 81, 126 S. E., 165, and *Rea v.
Mirror Co.,* 158 N. C., 24, 73 S. E., 116, may be cited as fairly illustrative;
while the appellant contends that the principles announced in
*Givens v. Mfg. Co.,* 196 N. C., 377, 145 S. E., 681, and *Crisp v. Fibre
Co.,* 193 N. C., 77, 136 S. E., 238, are more nearly applicable.

Without "threshing over old straw," suffice it to say, appellant has not
overcome the presumption against error. *Bailey v. McKay,* 198 N. C.,

638, 152 S. E., 893. To prevail on appeal, he who alleges error must successfully handle the laboring oar. *Poindexter v. R. R.,* 201 N. C., 833, 160 S. E., 767; *Jackson v. Bell,* 201 N. C., 336, 159 S. E., 926.

But for another reason the appeal must be dismissed. There is no summons in the record or anything to indicate that the resident defendant has been served, and the transcript fails to show organization of court (*S. v. May,* 118 N. C., 1204, 24 S. E., 118), or that "court was held by a judge authorized to hold it, and at the place and time prescribed by law" (*S. v. Butts,* 91 N. C., 524). *Pruitt v. Wood,* 199 N. C., 788, 156 S. E., 126.

Appeal dismissed.