## WORTH KELLY v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY ET AL.

### (Filed 22 January, 1936.)

**Appeal and Error J d—**

　　The burden is on appellant to show error, as the presumption is against him.

APPEAL by plaintiff from *Cowper, Special Judge,* at Special June Term, 1935, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury due to the failure of the corporate defendant, in the exercise of ordinary care, to furnish plaintiff, an employee, a reasonably safe place to work, brought against The Great Atlantic & Pacific Tea Company, a corpo-

ration chartered under the laws of the State of Arizona, and L. I. Smith, Clyde Culp, and J. M. Butler, citizens and residents of Mecklenburg County, North Carolina.

Motion of nonresident corporate defendant to remove cause to the District Court of the United States for the Western District of North Carolina for trial.

Motion allowed, and plaintiff appeals.

*John M. Robinson, Ralph V. Kidd, and Hunter M. Jones for plaintiff.*
*Guthrie, Pierce & Blakeney for defendant A. & P. Tea Co.*

PER CURIAM. The petition for removal, besides showing the presence of the requisite jurisdictional amount, asserts rights of removal on the grounds of diverse citizenship and (1) fraudulent joinder of resident defendants, and (2) separable controversies.

The trial court held that as the allegations of the complaint all point to the failure of the corporate defendant to discharge its nondelegable duty to furnish plaintiff, an employee, a reasonably safe place to work, the case was controlled by the line of decisions of which *Cox v. Lbr. Co.,* 193 N. C., 28, 136 S. E., 254; *Johnson v. Lbr. Co.,* 189 N. C., 81, 126 S. E., 165; and *Rea v. Mirror Co.,* 158 N. C., 24, 73 S. E., 116, may be cited as fairly illustrative; while the plaintiff contends the principles announced in *Givens v. Mfg. Co.,* 196 N. C., 377, 145 S. E., 681; *Crisp v. Fibre Co.,* 193 N. C., 77, 136 S. E., 238; and *Hollifield v. Tel. Co.,* 172 N. C., 714, 90 S. E., 996, are more nearly applicable.

Under the trial court's interpretation of the complaint, which is a permissible one, it would seem the plaintiff has not overcome the presumption against error. *LaNeve v. Tea Co.,* 207 N. C., 281, 176 S. E., 560. To prevail on appeal, he who alleges error must make it appear clearly, as the presumption is against him. *Poindexter v. R. R.,* 201 N. C., 833, 160 S. E., 767; *Jackson v. Bell,* 201 N. C., 336, 159 S. E., 926.

Affirmed.