W. K. JOHNSTON v. PHOENIX UTILITY COMPANY, H. F. LINCOLN, J. R. BASSETT, AND G. W. MORGAN.

(Filed 12 June, 1929.)

**Removal of Causes C b—Action alleging joint negligence on part of resident and nonresident defendants is not removable.**

> An action against a nonresident corporation and its resident superintendent, brought by an employee who alleges that he was under the direction and control of the resident superintendent, and that both defendants were negligent in failing to provide a safe place to work, in changing the method of work without warning the plaintiff, in employing a dangerous method of doing the work, and in failing to warn and instruct the plaintiff as to the change of the method of work: *Held,* the complaint alleges a joint *tort,* and the petition of the nonresident defendant for removal to the Federal Court will be denied.

CIVIL ACTION, before *Harwood, J.,* at April Term, 1929, of HAYWOOD.

Plaintiff filed a complaint alleging that on 14 April, 1928, he was injured by the negligence of the defendants while engaged in making certain excavations and tunnels in and along the banks of Pigeon River. Plaintiff, who was a foreman, and the men working under him, were removing rocks that had been loosened by blasting, and the defendants were removing said rocks "some one hundred feet or more above the place where the plaintiff and the men working under him were engaged in cleaning up." The defendants removed said rocks by means of a derrick and scale pans operated by electrical power, and the plaintiff alleged that without signal, notice or warning the defendants changed the method of loading and transferring said rocks and dumped a large quantity of rock inside a coffer dam at a point directly above the place where plaintiff was working, and these rocks suddenly and with great force rolled down upon the plaintiff, causing serious and permanent injuries.

The items of negligence set up in the complaint were in substance: that the defendants failed to provide a reasonably safe place for the work, and that without warning the method of doing the work was

changed so that said rocks were dumped at a point on a steep hill directly above the place where the plaintiff was required to work, and that such was a dangerous method; and furthermore, that the defendants failed to give any instruction, notice or warning to the plaintiff, and negligently failed to provide and use any system of signals to give notice of the intention to change the place of dumping said rocks.

Plaintiff further alleged that the individual defendants, including the defendant, Morgan, were citizens and residents of North Carolina.

In apt time the defendant filed a petition for removal, alleging that the defendants, Lincoln and Bassett, were nonresidents of North Carolina, but admitting that the defendant, Morgan, was a citizen and resident of North Carolina.

The trial judge upon appeal from the clerk, denied the petition for removal and retained the cause for trial in Haywood County, from which judgment the corporate defendant appealed.

*Alley & Alley for plaintiff.*
*Harkins & Van Winkle for defendant.*

PER CURIAM. The plaintiff alleged a joint cause of action against the corporate defendant and the individual defendants. The petition for removal denies that the defendants, Lincoln and Bassett, were citizens of North Carolina, but admits that the defendant, Morgan, was a citizen and resident of North Carolina. Said petition of removal further admits that said Morgan was a general foreman, and that plaintiff "was under the direct supervision of the defendant, G. W. Morgan," and "that it was the duty of the defendant, G. W. Morgan, to transmit to the several foremen on the job such orders and directions as he had received from the general superintendent . . . as well as to go from place to place on said work, see that the same was progressing according to plans and specifications, and to generally observe and report the progress made thereon."

While it is denied that Morgan was actually present at the time plaintiff was injured, it clearly appears that he was, so far as the plaintiff was concerned, the general representative or *alter ego* of the corporate defendant because he was charged with the duty of delivering instructions to the workmen and of determining whether the work was done according to plans and specifications. It further appears that the plaintiff was at the time of his injury under the direct supervision of said defendant Morgan.

Upon this state of facts the judgment is affirmed upon the authority of *Givens v. Mfg. Co.*, 196 N. C., 377.

Affirmed.