THOMAS M. HURT v. SAVONA MANUFACTURING COMPANY,
A CORPORATION, LUM BRUTON AND WILL FOX.

(Filed 27 November, 1929.)

1. **Removal of Causes C b—Allegations of complaint are controlling as to whether cause is joint or separable.**

   Upon a petition for removal of a cause from the State to the Federal Court on the ground of separable controversy the allegations of the complaint are controlling upon the question as to whether the cause is joint or separable, and where the facts alleged in the complaint set forth the duty and breach of duty by each of the defendants, and that such breach proximately caused the injury in suit, the complaint alleges a joint tort and the petition will be denied.

2. **Same—Petition for removal must allege facts compelling the conclusion that joinder was fraudulent as matter of law.**

   A petition for removal of a cause from the State to the Federal Court on the ground of fraudulent joinder must allege facts which lead unerringly to, or rightly engender and compel the conclusion that the joinder is fraudulent as a matter of law, and a mere traverse of the facts alleged in the complaint is insufficient, and such fraudulent joinder cannot be established where by the settled law of the State in which the action is brought, and in which it arose, both defendants are jointly liable.

APPEAL by plaintiff from *Shaw, J.,* at October Term, 1929, of MECK-LENBURG, from order of removal to United States Court. Reversed.

The complaint sets forth, in substance, the following allegations of fact: That plaintiff was a loom-fixer in weave-room of Savona Manufacturing Company. That Will Fox was overseer and Lum Bruton was second hand of said weave-room; that plaintiff, in his employment, was subject to the orders and directions of the said Will Fox and Lum Bruton; that Will Fox, overseer, and Lum Bruton, second hand, had charge of said weave-room and of the machinery therein, and were responsible for keeping and operating the same in a safe and proper condition; that in said weave-room the pulley on the overhead shaft was not in line with the loom pulley; that the connecting belt would not run on the face of the two pulleys, but would slip over and frequently slip off the overhead pulley and become wrapped around the shaft; that several times before 2 April, 1929, said belt had slipped off while the machinery was in operation, and plaintiff called the attention of Will Fox, overseer, and Lum Bruton, second hand, to this condition; that each of them saw the said condition, acknowledged the danger thereof and promised to have the pulleys put in line, and eliminate the danger; that on the Saturday before plaintiff was injured the dangerous condition of the machinery was called to the attention of Will Fox, overseer, at which time the plaintiff suggested that he be allowed to make the necessary changes, and thereupon said Will Fox, overseer, told the plaintiff to do his own work, which did not involve any work on the overhead shafting and machinery, and that he, the said Will Fox, overseer, would see that the position of the overhead pulley was changed so that it would be in line with the loom pulley; that was on Saturday afternoon, and that the said change was not made and the same condition was allowed to exist up to the time (Tuesday) the plaintiff was injured; that the connecting belt was thrown off the pulley with such force as to knock off the belt guide, which struck and injured the plaintiff, who was standing nearby, the machinery at the time being in operation and making 350 revolutions per minute or thereabout; that at the time plaintiff was injured he was engaged, or about to engage, in fixing a loom, and was under the directions of Will Fox, overseer, and Lum Bruton, second hand.

There is no dispute about the fact that the defendant filed its petition and bond in due time, and that all formalities of law were complied with. The petition of defendant for removal to the United States Court alleges, in substance: That the plaintiff, for five years prior to his injury, had been a loom-fixer in the employment of the defendant, petitioner. At the time of his injury the plaintiff was attempting to correct a belt which ran from a pulley to a loom. Instead of stopping the machinery, the plaintiff took a quill about 7 inches long and began working with the moving belt. He was doing this in his own way, free from the

supervision or instruction of any one, and while thus engaged, received the injury. The work in which the plaintiff was engaged at the time of his injury was that of plaintiff alone, and it was no part of Bruton's or Fox's duties, and no part of their duties to furnish plaintiff a reasonably safe place to work. Neither of the individual defendants were present at the time of the plaintiff's injury and neither of them were in any way, either directly or indirectly, connected with said injury.

The court below rendered the following judgment: "Upon hearing the petition and the appeal from the clerk, and, upon the argument of this motion, the court is of the opinion that this is a proper case for removal, and the petition of the defendant, Savona Manufacturing Company, and the bond filed therewith, are hereby accepted, and this case is ordered removed to the United States District Court for the Western District of North Carolina, at Charlotte, and the order of the clerk is reversed. It is further ordered that this court proceed no further in this action." Plaintiff assigned error and appealed to the Supreme Court.

*Stewart, MacRae & Bobbitt for plaintiff.*
*John M. Robinson for defendant.*

CLARKSON, J. The question involved: Is the nonresident defendant, Savona Manufacturing Company, legally entitled under its removal petition to have this action transferred to the United States District Court for the Western District of North Carolina for trial by reason of the allegations of its petition that Lum Bruton and Will Fox, resident defendants, were joined as defendants fraudulently and for the purpose of depriving petitioner of its alleged right of removal? We think not.

This action is for actionable negligence. All the defendants are charged with a duty they owed to plaintiff and for the nonperformance of that duty, which was the proximate cause of plaintiff's injury, they are sued as joint *tort-feasors*. The facts alleged in the complaint of plaintiff sets forth the duty and breach in detail. Under the facts in this action, as alleged in the complaint, the allegations are controlling, upon the question as to whether the cause of action is joint or separable.

In *Crisp v. Fibre Co.*, 193 N. C., at p. 85, it is said: "The facts alleged in the petition for removal neither compel nor point unerringly to the conclusion that the joinder in the instant case is a fraudulent one and made without right. We hold, therefore: (1) That when a motion to remove a suit or action from the State court to the District Court of the United States for trial is made on the ground of an alleged separable controversy, the question of separability is to be determined by the manner in which the plaintiff has elected to state his cause of action,

whether separately or jointly, and, for this purpose, the allegations of the complaint are controlling. *Morganton v. Hutton,* 187 N. C., 736. (2) That when the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the State Court decide the question on the face of the record, taking, for this purpose, the allegations of the petition to be true. To warrant a removal in such case, however, the facts alleged in the petition must lead unerringly to the conclusion, or rightly engender and compel the conclusion, as a matter of law, aside from the deductions of the pleader, that the joinder is a fraudulent one in law and made without right. *Fore v. Tanning Co.,* 175 N. C., 584." *Swain v. Cooperage Co.,* 189 N. C., 528; *Fenner v. Cedar Works,* 191 N. C., 208; *Givens v. Salvona Mfg. Co.,* 196 N. C., 377; *Chicago, etc., R. Co. v. McWhirt,* 243 U. S., 426, 61 L. Ed., 830, 37 Sup. Ct., 392; *Johnston v. Utility Co.,* 197 N. C., 393; *Slaughter v. Lumber Co.,* 197 N. C., 395.

Fraudulent joinder of a resident with a nonresident defendant, for the purpose of defeating the removal of the cause to a Federal Court, cannot be established, where, by the settled law of the State in which the action was brought, and in which the cause of action arose, both defendants were jointly liable to suit. *Chicago B. & Q. R. Co. v. Willard,* 220 U. S., 413, 31 Sup. Ct. Rep., 460.

In the present action the defendant traversed the facts in the complaint. The case of *R. R. v. Lloyd,* 166 N. C., 24, was affirmed by the Supreme Court of the United States. See 239 U. S., 496, 60 Law Ed., 402. In that case, speaking to the subject, the Court said: "In no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in the plaintiff's petition, and in that way undertaking to try the merits of the cause of action, good upon its face. *Chesapeake & O. R. Co. v. Cockrell,* 232 U. S., 146, 58 L. Ed., 544, 34 Sup. Ct. Rep., 278. It is only in cases wherein the facts alleged in the petition for removal are sufficient to fairly raise the issue of fraud that the State court is required to surrender its jurisdiction."

Viewed in the light of the above principles set forth in the authorities cited, the record in the instant case fails to disclose a right of removal.

Reversed.