E. G. TOLLEY v. W. M. RITTER LUMBER COMPANY and CHARLES WILSON.

(Filed 21 September, 1938.)

1. **Removal of Causes § 4b—Petition for removal on ground of fraudulent joinder must allege facts compelling that conclusion.**

    A petition for removal on the ground of fraudulent joinder is properly denied when the petition amounts merely to a denial of the allegations of the complaint and does not allege facts leading to or compelling the conclusion, aside from the deductions of the pleader, that the joinder is fraudulent and made without right as a matter of law.

2. **Removal of Causes § 4a—**

    Upon petition for removal on the ground of separable controversies the complaint is determinative, and the petition must be denied if the complaint states a joint cause of action.

3. **Same—Complaint in this case held to state a joint cause.**

    Plaintiff, a fireman on a locomotive, alleged that the engineer gave him an order, which he was required to obey in the performance of his duties, to open a valve under the tender of the locomotive while it was in motion, that as he was attempting to execute the order, his clothing caught in gears of the engine, that plaintiff hollered and signaled the engineer to stop the train, that the engineer saw and heard, or should have seen and heard the signals and shouts of plaintiff, but failed to stop the train, and that plaintiff's injuries were the proximate result of the engineer's negligent order and negligent failure to keep a proper lookout and stop the

train. *Held:* The complaint states a joint cause of action against the engineer and defendant employer, and the corporate defendant's motion to remove on the ground of separable controversies was properly denied.

APPEAL by corporate defendant from *Alley, J.,* at July Term, 1938, of SWAIN.   Affirmed.

Motion to remove cause to the District Court of the United States for the Western District of North Carolina for trial. · Motion denied, and corporate defendant appeals.

*Edwards & Leatherwood for plaintiff, appellee.*
*Landon C. Bell and Johnson & Uzzell for defendant, appellant.*

SCHENCK, J.   The plaintiff E. G. Tolley is a citizen and resident of North Carolina.   The defendant, the W. M. Ritter Lumber Company, is a corporation organized and existing under the laws of the State of West Virginia, and is a resident of said state.   The defendant Charles Wilson is a citizen and resident of North Carolina.   The plaintiff demands in his complaint the sum of $30,000 for damages alleged to have been caused by the joint negligence of the defendants.

The corporate defendant bottoms his motion for removal, first, upon the theory that there has been a fraudulent joinder of parties defendants for the purpose of preventing removal of this cause to the District Court of the United States, and, second, upon the theory that the complaint states separable controversies between the plaintiff and the corporate defendant and between the plaintiff and the individual defendant.

After alleging that the plaintiff and the defendant Wilson were employed as fireman and engineer, respectively, on a railroad engine of the corporate defendant, the complaint further alleges :

"7. That while said engine and train of cars was being operated over the defendants' line of railway track by the said defendant Chas. Wilson, as engineer on the date aforesaid, said train was proceeding and traveling about four miles an hour, and at said time the said defendant Chas. Wilson ordered and directed plaintiff to get off the engine to the ground and go to the rear of the said engine and open a certain valve that was located under the rear of the tender of said engine for the purpose of turning water on the rails of the track over which said train was traveling.   That in order to carry out and obey the orders of the said Chas. Wilson, as plaintiff was required to do under the terms of his employment, he got off said engine and attempted to reach said valve under said tender as aforesaid for the purpose of turning on the water and opening said valve, which was the only way plaintiff could turn water from the tender on said railway tracks, and it was necessary for him to reach under the tender to turn and open said valve.   That while

plaintiff was attempting to reach the said valve and exercising all care and caution, his clothing was caught in the gears of said engine and by a cotter key which was projecting from the main shaft on said engine and plaintiff was pulled and dragged into the gear and machinery of said engine and seriously and permanently injured." And

"That said defendant Chas. Wilson, when he ordered plaintiff to open said valve as aforesaid, well knew and realized the hazard and danger plaintiff would incur in carrying out said order and it thereupon became and was the duty of the said Chas. Wilson, which he owed plaintiff in the exercise of ordinary care, to keep a proper lookout from his engine so that he might see and observe plaintiff while he was carrying out said orders to open said valve, and hear, see and heed any signals or warnings from plaintiff so that said engine and train of cars could be stopped in case of danger or threatened injury to plaintiff; but, to the contrary, the said defendant Charles Wilson negligently, carelessly and recklessly failed and neglected to keep a proper lookout and watch and observe plaintiff in the performance of his duties so that when plaintiff was caught in said gearing and by said cotter pin, as aforesaid, although plaintiff hollered and signaled said defendant Charles Wilson to stop said engine and train of cars, said defendant Chas. Wilson negligently, carelessly and recklessly continued to operate said engine and train of cars in a heedless way and manner, indifferent to plaintiff's danger and peril and negligently failed to release the motive power on said engine and caused and allowed said engine and cars to run twenty feet, or more, after plaintiff was caught and dragged into said gearing as aforesaid, in spite of plaintiff's signals and shouts, which said defendant Chas. Wilson saw and heard, or could have seen and heard if he had exercised due and proper care by keeping a proper lookout, and could have stopped said engine and train of cars instantly and prevented any injury to plaintiff. That plaintiff was caught in the gears of said engine and by said cotter pin as aforesaid, in plain view of the defendant Chas. Wilson, but said defendant Chas. Wilson negligently continued to operate and move said train and drag plaintiff for a distance of twenty feet or more, thereby crushing and breaking plaintiff's bones and body while plaintiff was hollering and giving signals for the engine to be stopped; that at said time said engine and train of cars was moving slowly and could have been stopped instantly by the defendant Chas. Wilson."

The petition for removal, while it contains allegations of certain additional facts incidental to the manner and way in which the plaintiff was injured, amounts to nothing more than a denial of the allegations of the complaint and the conclusion of the pleader that there has been a fraudulent joinder. The facts alleged in the petition fail to lead unerringly to the conclusion, or to rightly engender and compel the conclusion,

as a matter of law, aside from the deductions of the pleader, that the joinder is a fraudulent one in law and made without right. *Crisp v. Fibre Co.,* 193 N. C., 77.

The second theory upon which the motion for removal is based, namely, separable controversies, cannot be sustained for reason that the question of separability is to be determined by the manner in which the plaintiff has elected to state his cause of action, whether separately or jointly, and the plaintiff in the instant case has elected to state his cause of action jointly. *Hurt v. Mfg. Co.,* 198 N. C., 1.

We think this case is governed by the principles enunciated in *Crisp v. Fibre Co., supra,* and *Hurt v. Mfg. Co., supra,* and the judgment below is therefore

Affirmed.