W. T. COGDILL AND WIFE v. W. T. CLAYTON AND CHAMPION FIBER COMPANY.

(Filed 22 December, 1915.)

**Removal of Causes—Diversity of Citizenship—Fraudulent Joinder of Parties— Jurisdictional Amount—Denial of Allegations.**

Where the petition to remove a cause from the State to the Federal court for diversity of citizenship and the fraudulent joinder of a resident defendant is sufficiently specific in its allegation as to the fraudulent joinder, but the complaint alleges that the cause of action accrued since the enactment of the Federal statute raising the amount to a sum exceeding $3,000, etc., necessary to confer jurisdiction on the Federal court, and lays the damages at $3,000, and no facts are stated in the petition to sustain the charge that the allegation in the complaint as to the time the cause of action accrued is fraudulent, the petition for removal will be denied. The relative duties and jurisdictions of the State and Federal courts upon such motions pointed out by ALLEN, J.

APPEAL by plaintiffs from *Cline, J.,* at February Term, 1915, of JACKSON.

This is an appeal from an order removing the action from the State to the Federal court upon the ground of diverse citizenship.

The action was brought by the plaintiffs against the defendant W. T. Clayton, a citizen and resident of Jackson County, and the defendant Champion Fiber Company, a corporation duly organized under the laws of the State of Ohio, returnable to February Term, 1915, of the Superior Court of Jackson County.

The plaintiffs filed their complaint within the first three days of court, alleging that they were the owners of a certain tract of land of 645 acres in said county and the acid and pulp woods thereon, and that

the defendants made and entered into a contract on 7 March, 1907, with the plaintiffs under the terms of which the defendants undertook that they would, within five years and within the life of a certain flume which had been constructed by the plaintiffs and was in said agreement sold to the defendants, cut and remove all the said acid and pulp woods from the said lands, paying the plaintiffs the sum of $1 per cord therefor, in the manner and under the terms and conditions as alleged, and which said contract was to be completed and all of said acid and pulp woods removed and paid for on or by 7 March, 1912; that plaintiffs' cause of action accrued on 7 March, 1912; that the defendants had until 7 March, 1912, to complete their said contract and make settlement therefor, but that the defendants failed and neglected to remove the said woods from the said lands and to make settlements therefor, and left large quantities of said woods standing and being thereon; and in the meantime the flume line, by which alone the same was made marketable, became unfit for use, and that the plaintiffs, by reason of the breach of said contract, were damaged in the sum of $3,000.

During said February term of court, and in apt time, the defendant Champion Fiber Company filed its duly verified petition and bond for removal of the action to the Federal Court for the Western District of North Carolina, setting forth two grounds for removal: (1) that the matter in controversy exceeded, exclusive of interest and costs, the sum of $2,000, and that plaintiffs' cause of action arose prior to 1 January, 1912; (2) that the defendant W. T. Clayton was not a necessary party defendant, and was joined as such with the fraudulent purpose of depriving the Federal court of its rightful jurisdiction.

No fraud is alleged as to the first cause of removal, the defendant simply denying that the cause of action arose prior to January, 1912. The court signed an order removing the cause to the Federal court, and the plaintiffs excepted and appealed to the Supreme Court.

*Coleman C. Cowan for plaintiffs.*
*Martin, Rollins & Wright for defendants.*

Allen, J. The questions of the right to the removal of actions from the State to the Federal courts, and of the procedure on motions made for this purpose, have been very fully considered in several recent decisions of this Court, and the rules deducible from these authorities and from the decisions of the Supreme Court of the United States are:

1. That the petition for removal must state the facts upon which the motion is based, and not mere conclusions.

2. That the petition is insufficient if it does no more than deny the cause of action alleged in the complaint.

3. That the State court has jurisdiction for the purpose of determining if the facts alleged present a removable cause.

4. That the State courts cannot inquire into and decide as to the truthfulness of the facts alleged in the petition.

5. That if the facts alleged in the petition are sufficient to justify a removal, it is the duty of the courts of the State to make the order for the removal, and that it is for the Federal court to inquire into and determine the truth of the facts alleged upon a motion by the plaintiff in the Federal court to remand to the State court. *Herrick v. R. R.,* 158 N. C., 307; *Rea v. Mirror Co.,* 158 N. C., 28; *Hyder v. R. R.,* 167 N. C., 588; *R. R. v. Cockrill,* 232 U. S., 146.

In *R. R. v. Cockrill, supra,* an action was commenced in the State courts of Kentucky against the railroad, a Virginia corporation, and against the engineer and fireman, who were citizens of Kentucky, to recover damages for wrongful death. The defendant railroad company filed its petition for removal upon the ground of diverse citizenship, alleging a fraudulent joinder of the engineer and fireman; but this allegation consisted only in charging fraud in general terms and in a denial of negligence. The State courts denied the action to remove, and proceeded with the trial, and from the final judgment in the Supreme Court of Kentucky the defendant sued out a writ of error to the Supreme Court of the United States. The judgment of the State courts was affirmed, and the Court said of the rule governing removals:

"The right of removal from a State to a Federal court, as is well understood, exists only in certain enumerated classes of cases. To the exercise of this right, therefore, it is essential that the case be shown to be within one of those classes, and this must be done by a verified petition, setting forth, agreeably to the ordinary rules of pleading, the particular facts, not already appearing, out of which the right arises. It is not enough to allege in terms that the case is removable, or belongs to one of the enumerated classes, or otherwise to rest a right upon mere legal conclusions. As in other pleadings, there must be a statement of the facts relied upon, and not otherwise appearing, in order that the court may draw the proper conclusion from all the facts, and that, in the event of the removal, the opposing party may take issue, by a motion to remand, with what is alleged in the petition. . . . A civil case, at law or in equity, presenting a controversy between citizens of different States, and involving the requisite jurisdictional amount, is one which may be removed by the defendant, if not a resident of the State in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. . . . Merely to traverse the allegations upon which the liability of a resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice. The showing must be such as compels the conclusion that the joinder is without right and made in bad faith. . . . It is thoroughly settled that

issues of fact arising upon a petition for removal are to be determined in the Federal court, and that the State court, for the purpose of determining for itself whether it will surrender jurisdiction, must accept as true the allegations of fact in such petition."

Applying these principles, and considering the petition in connection with the complaint, we would have no hesitation in affirming the order of removal if the petition rested alone on the fraudulent joinder of the defendants, as the facts constituting the fraud are specifically alleged; but if the other defendants were stricken from the record we would have a cause of action for $3,000 stated against the defendant corporation arising in 1912, after the enactment of the Judiciary Act of 1911 increasing the jurisdictional amount to $3,000, and no facts are stated in the petition tending to sustain the charge that the allegation in the complaint as to the time when the cause of action accrued is fraudulent; and upon this ground the order is

Reversed.