DOUGLAS STEVENS, ADMR., v. BLACKWOOD LUMBER COMPANY AND CANEY FORK LOGGING RAILWAY COMPANY.

(Filed 20 December, 1923.)

**Removal of Causes — Federal Courts — Jurisdiction — Misjoinder of Parties—Petition—Fraud.**

When the nonresident petitioner sufficiently sets forth facts in his petition to remove a cause from the State to the Federal Court under the Federal statute, for diversity of citizenship, that a resident defendant was improperly joined to fraudulently defeat the jurisdiction of the latter court, the question of determining the right of the petitioner to remove is within the jurisdiction of the Federal Court, and the cause should be removed for that purpose.

APPEAL by defendant, Blackwood Lumber Company, from *Harding, J.,* at Fall Term, 1922, of JACKSON.

Motion for removal of this cause to the District Court of the United States for the Western District of North Carolina. Motion overruled, and the Blackwood Lumber Company appeals.

*W. R. Sherrill and A. W. Horn for plaintiff.*
*Alley & Alley for defendant.*

STACY, J. Otto Stevens, a resident of Jackson County, North Carolina, died intestate on or about 19 August, 1921. The plaintiff duly qualified as administrator of the estate of the deceased, instituted this action and filed his complaint in the Superior Court of Jackson County, alleging liability for the wrongful death of his intestate by reason of the joint and concurrent negligence of the Blackwood Lumber Company, a corporation, citizen and resident of the State of Virginia, doing business at East La Porte, N. C., and the Caney Fork Logging Railway Company, a corporation, citizen and resident of East La Porte, Jackson County, N. C.

The death of plaintiff's intestate, a child of tender years, was caused by the explosion of a dynamite cap alleged to have been negligently left on the right of way of a logging road operated jointly by the defendants. For his right to recover, plaintiff relies upon the doctrine announced in *Krachanake v. Mfg. Co.*, 175 N. C., p. 441; *Barnett v. Cotton Mills*, 167 N. C., 580, and other cases to like import.

The Blackwood Lumber Company, in apt time, filed its duly verified petition, accompanied by proper bond, asking that the cause be removed to the District Court of the United States for the Western District of North Carolina, at Asheville for trial, alleging:

"That the defendant, Caney Fork Logging Railway Company, is not a necessary party or proper party to a final judgment in this cause, for that the said Caney Fork Logging Railway Company, at the time of the injury and death of the plaintiff's intestate, had no connection and had nothing whatever to do with the power alleged to have caused the injury and death of the plaintiff's intestate; that at the time alleged this petitioning defendant was and still is conducting a large lumbering operation in Jackson County, with its plant at East La Porte, in said county, and at the time aforesaid was and still is the owner of a large boundary of timber situate on Caney Fork and Moses creeks in said county above said plant.

"That at the time aforesaid this petitioning defendant was engaged in the construction of a logging railroad on Moses Creek in said county, but your petitioner here respectfully showeth to the court that the powder which was taken from its premises by the plaintiff's intestate and which, it is alleged, caused his injury and death, was stored in said mill-house and was being used by this defendant, not for the construction of said logging railroad, but was being used by this defendant in the building and construction of a logging dirt road or snaking road to be used in the snaking of logs on the ground out of the woods, and

the said snaking road was then being constructed by the use of said powder at an entirely different place from where said logging railroad was being constructed. That said snaking roads were being constructed solely by this defendant, and its codefendant, as aforesaid, was not interested in and had absolutely no connection with the building and construction of said snaking roads. That the powder aforesaid was not owned by the Caney Fork Logging Railway Company; that said company had no interest in or control over the same, and the same had not been and was not being used by it for any purpose whatsoever, but to the contrary thereof, the same had been delivered to said mill-house by this petitioning defendant to be used exclusively in the construction of said snaking dirt road, and had been used for no other purpose.

"Wherefore, this petitioning defendant respectfully showeth to the court that the controversy herein is between citizens of different States, and that the defendant, Caney Fork Logging Railway Company, is not a necessary or a proper party to a final judgment herein. That every act of negligence alleged in the complaint is alleged against your petitioner, and all the relief prayed for in the complaint is sought against your petitioner, and the entire controversy presented in said complaint may be prosecuted to final judgment and fully determined without the presence of the defendant, Caney Fork Logging Railway Company. That the plaintiff on the one side, and your petitioner on the other side, are the only material, essential, necessary and proper parties to this action, and the cause can, in all respects, be fully and finally determined without the presence of the other defendant named."

And further: "That while it is true that the defendant, Caney Fork Logging Railway Company, at the time of the alleged injury and death of plaintiff's intestate, was and still is a domestic corporation, your petitioner here respectfully showeth to the court that for the reasons hereinabove specifically enumerated the defendant, Caney Fork Logging Railway Company, was designedly and intentionally made a party defendant to this action with intent and purpose, fraudulently, wrongfully and unlawfully to defeat the jurisdiction of the United States District Court for the Western District of North Carolina, and to defeat your petitioner's lawful right to have this cause removed to said court for trial at Asheville."

Upon these, the facts chiefly pertinent to the question presented, which must be taken as true or as they appear upon the face of the record for present purposes, we think the defendant's motion for removal of the cause should have been allowed. See *Cogdill v. Clayton,* 170 N. C., 526, where the rules, deductible from the authorities, are stated by *Allen, J.,* as controlling in such cases.

If the plaintiff desires to challenge the truth of the averments contained in the petition, he may do so on motion to remand or other procedure in the Federal Court. But that court, and not the State Court, being charged with the duty of exercising jurisdiction in such cases, must have the power to consider and·determine the facts upon which the jurisdiction rests. *Wilson v. Republic Iron Co.*, 257 U. S., 92; *Burlington, etc. Ry. Co. v. Dunn*, 122 U. S., 513; *Rea v. Mirror Co.*, 158 N. C., 24, and cases cited.

The question presented has been so thoroughly discussed in these recent cases that we deem it unnecessary to do more than refer to them.

Error.