W. L. JOHNSON, ADMINISTRATOR OF MILLARD JOHNSON v. BLACKWOOD LUMBER COMPANY AND DEVEREUX HAMILTON.

(Filed 24 January, 1925.)

**Removal of Causes — Federal Courts — Petition — Bond — Fraudulent Joinder—Parties.**

Upon the filing in apt time by a nonresident defendant of a proper and sufficient petition and bond for the removal of a cause from the State to the Federal Court, under the Federal Removal Act, and sufficient allegation of a fraudulent joinder of a resident defendant to oust the jurisdiction of the Federal Court, the cause should be removed and the controverted facts determined in the latter court upon the plaintiff's motion to remand.

APPEAL by plaintiff from order of removal made by *Ray, J.,* at August Term, 1924, of CHEROKEE.

Above entitled action was begun and was pending on 29 July, 1924, in the Superior Court of Cherokee County. Duly verified complaint was filed by plaintiff, and before time for answering same had expired, defendant, Blackwood Lumber Company, filed with the clerk of said

court, its petition, duly verified, praying that said court proceed no further in said action, except to make an order of removal, and to accept bond, filed with said petition, as required by statute, and to cause the record in said action to be removed from said court into the District Court of the United States for the Western District of North Carolina. Upon denial of said motion by the clerk, petitioner appealed to the judge presiding at the next ensuing term of said court. The judge presiding, at said term, having heard and considered said petition, ordered that the action be removed. Plaintiff excepted to said order, and appealed therefrom to this Court. Assignment of error is based upon said exception.

*Moody & Moody for plaintiff.*
*Martin, Rollins & Wright and M. W. Bell for defendants.*

CONNOR, J. This is a civil action, pending in the Superior Court of Cherokee County, to recover of defendants damages for the death of plaintiff's intestate, caused, as alleged in the complaint, by the joint wrong of defendants, Blackwood Lumber Company, a corporation, and Devereux Hamilton, its foreman.

Defendant, Blackwood Lumber Company, upon petition filed in apt time, prayed that the action be removed from said court to the District Court of the United States for the Western District of North Carolina. The facts upon which the motion is made are set out in the petition, which is duly verified, and are (1) That plaintiff is a citizen and resident of the State of North Carolina; (2) That petitioning defendant, Blackwood Lumber Company, a corporation, is a citizen and resident of the State of Virginia; (3) That the amount in controversy exceeds three thousand dollars, exclusive of interest and costs; and (4) That defendant, Devereux Hamilton, a citizen and resident of the State of North Carolina, was wrongfully and fraudulently joined, with petitioner, as a defendant for the sole and only purpose of preventing a removal of the action to the Federal Court and of depriving said court of its rightful jurisdiction of the action.

The only question presented by this appeal is whether or not the facts and circumstances set out in the petition are sufficient, if true, to sustain the general allegation that the joinder of the two defendants—one, a nonresident, and the other, a resident of the State of North Carolina—in an action to recover damages alleged to have been caused by their joint tort, was fraudulent and for the sole and only purpose of preventing a removal of the action from the State Court to the Federal Court, by the nonresident defendant.

In *Wilson v. Republic Iron and Steel Co.*, 257 U. S., 92; 66 L. Ed., 144, *Mr. Justice Van Devanter*, writing for the Court, reviews the authorities and says: "A civil case, at law or in equity, presenting a controversy between citizens of different states, and involving the requisite jurisdictional amount, is one which may be removed from a State Court into the District Court of the United States by the defendant, if not a resident of the State in which the case is brought; and this right of removal cannot be defeated by a fraudulent joinder of a resident defendant, having no real connection with the controversy. If in such a case, a resident defendant is joinded, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion, apart from the pleader's deductions. The petition must be verified, and the statements must be taken by the State Court as true. If a removal is effected, the plaintiff may, by a motion to remand, plea or answer, take issue with the statements in the petition. If he does, the issues so arising must be heard and determined by the District Court, and at the hearing, the petitioner defendant must take and carry the burden of proof, he being the actor in the removal proceeding. But if the plaintiff does not take issue with what is stated in the petition, he must be taken as assenting to its truth, and the petitioning defendant need not produce any proof to sustain it."

The decisions of this Court, upon this question, are in entire accord with this clear and succinct statement of the law approved by the Supreme Court of the United States. In *Rea v. Mirror,* 158 N. C., 28, *Justice Hoke,* writing for this Court, states the law as follows: "Where the petition for removal, properly verified, and accompanied by proper and sufficient bond, has been filed in the State Court, and the same contains allegations of fraudulent joinder, together with full and direct statement of the facts and circumstances of the transaction, sufficient, if true, to demonstrate that there has been a fraudulent joinder of the resident defendant, in such case the order for removal should be made, and the jurisdiction of the State Court is at an end. If the plaintiff desires to challenge the truth of these averments, he must do so on motion to remand or other proper procedure in the Federal Court. That court, being charged with the duty of exercising jurisdiction in such case, must have the power to consider and determine the facts upon which the jurisdiction rests." This statement of the law has been often cited and approved in opinions filed in this Court. *Herrick v. R. R.,* 158 N. C., 307; *Smith v. Quarries Co.,* 164 N. C., 338; *Cogdill v. Clayton,* 170 N. C., 526; *Hollifield v. Telephone Co.,* 172 N. C., 714; *Fore v. Tanning Co.,* 175 N. C., 583; *Stevens v. Lumber Co.,* 186 N. C., 749.

In *Cogdill v. Clayton,* 170 N. C., 526, *Justice Allen,* with his usual clearness, states the rules deducible from the decisions of this Court and of the Supreme Court of the United States, relative to petitions for removal of actions pending in State Courts to Federal Courts.

Defendant contends that its petition contains "a full and direct statement of the facts and circumstances surrounding the death of plaintiff's intestate, sufficient, if true, to demonstrate that the joinder, with it, of the resident defendant was fraudulent and with a fraudulent purpose." This contention is controverted by plaintiff, who insists that the petition does no more than deny the allegations of the complaint, upon which liability of the resident defendant depends. It has been held that "Merely to traverse the allegations upon which the liability of a resident defendant is rested, or to apply the epithet, 'fraudulent,' to the joinder, will not suffice. The showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *R. R. v. Cockrill,* 232 U. S., 146, cited and approved in *Cogdill v. Clayton,* 170 N. C., p. 528.

If it be true, as alleged in the petition, that plaintiff's intestate was an employee of defendant, Blackwood Lumber Company, but, at the time he received his fatal injuries, without orders or instructions, had gone over voluntarily on the landing upon the side of the mountain and attempted to roll three logs down the side of the mountain, and was injured by the logs rolling over him; that defendant, Devereux Hamilton, although a foreman of the petitioner defendant, had not employed said intestate, was not present at the time he was injured, had nothing to do with the accident, and no connection, directly or indirectly, with the injury, and did not know that said intestate was attempting or about to attempt to roll the logs down the mountain side, these facts are sufficient to demonstrate that the joinder of the defendant Devereux Hamilton with the defendant Blackwood Lumber Company was fraudulent and with a fraudulent purpose, as alleged. The acts of negligence alleged in the complaint as the basis of plaintiff's cause of action are failures to perform the duties which the law imposes upon an employer to an employee. If this relation did not exist between plaintiff's intestate and defendant Devereux Hamilton, who, for the purpose of this motion, was not present at the time of the injury and did not know that the defendant had placed or was about to place himself in a position of danger, we are unable to see upon what principle of law he would be liable for the result of the attempt to remove the logs by plaintiff's intestate. If he is not liable for the death of plaintiff's intestate, the only effect of joining him as a defendant is to prevent a removal of the cause by the nonresident defendant. This must

be the purpose of joining him, and it is therefore a fraudulent purpose, as alleged in the petition.

It is further alleged in the petition that prior to the institution of this action plaintiff had begun an action against the defendant Blackwood Lumber Company and one E. J. Bryson, a resident of the State of North Carolina. This action had been removed, upon the petition of Blackwood Lumber Company, from the Superior Court of Cherokee County to the District Court of the United States for the Western District of North Carolina, upon the ground that the joinder of the resident defendant, Bryson, with the nonresident defendant, Blackwood Lumber Company, was fraudulent. Plaintiff took a voluntary nonsuit in said action after same had been removed to the District Court, and at once began this action upon the identical allegations as those set out in his complaint in the former action, except that defendant Devereux Hamilton was joined as a defendant instead of E. J. Bryson. This is a circumstance which defendant contends is evidence of the fraudulent purpose of the plaintiff, as alleged in the petition. While not sufficient in itself to establish the fraudulent purpose, as alleged, it is a fact to be considered, together with all the other facts and circumstances set out in the petition tending to show the truth of the general allegation of fraudulent joinder of a resident with a nonresident defendant for the purpose of preventing a removal by the nonresident defendant. *Southern R. R. Co. v. Miller,* 217 U. S., 209; 54 L. Ed., 732.

There was no error in the order from which the plaintiff appeals, and the same is

Affirmed.