PETER FENNER, SR., ADMINISTRATOR OF PETER FENNER, JR., v. RICH-MOND CEDAR WORKS AND LONNIE SPRUILL.

(Filed 17 February, 1926.)

**Removal of Causes—Federal Courts—Diversity of Citizenship—Tort—Pleadings—Petition—Severable Controversy — Fraudulent Joinder—Courts—Jurisdiction.**

Upon a motion to remove a cause from the State to the Federal Court under the Federal statute for diversity of citizenship and wrongful joinder of a resident defendant with the movant, a nonresident defendant, and the complaint alleges a joint tort, the allegation of the complaint will control in passing upon the motion, unless the movant makes it clearly to appear from the matters alleged in his petition and not his conclusions therefrom alone, that the controversy was severable, and that the resident defendant was joined in fraud of the jurisdiction of the Federal Court.

CIVIL ACTION instituted by the plaintiff against the defendants for damages for the wrongful death of plaintiff's intestate. After the complaint was filed the defendant, Richmond Cedar Works, filed a petition for removal together with a good and sufficient bond as provided by statute.

From the order of removal made by *Sinclair, J.,* the plaintiff appealed.

*W. L. Whitley for plaintiff.*
*Thompson & Wilson for defendant Richmond Cedar Works.*

BROGDEN, J. The sole question presented by the record is whether or not this cause is removable, and the answer to this question depends upon the construction of the complaint and the determination of whether or not the petition is sufficient to defeat the jurisdiction of the State court. The petition for removal rests upon two contentions:

(1) That the controversy is separable.

(2) That there is a fraudulent joinder of a resident defendant.

The pertinent decisions of this Court and of the Federal Courts are to the effect that the complaint is the basis for determining the question of separability: *Timber Co. v. Ins. Co.,* 190 N. C., 801; *Hollifield v. Tel. Co.,* 172 N. C., 714; *Crisp v. Lumber Co.,* 189 N. C., 733; *Railway Co. v. Thompson,* 200 U. S., 206; *Ill. Central R. R. Co. v. Sheegog,* 215 U. S., 308.

It is established law that the complaint is the sole basis for determining the nature of the cause of action against the various defendants and that a joint tort is not separable: *Hough v. R. R.,* 144 N. C., 692; *Crisp v. Lumber Co., supra; Timber Co. v. Ins. Co., supra; Ill. Central R. R. Co. v. Sheegog, supra.*

An action in tort is joint or several as the pleader may choose to make it, and a defendant has no right to put asunder as several, an action which the plaintiff has elected to make joint.

The pertinent allegations of the complaint are in substance as follows:

(1) That there was an agreement between the nonresident defendant, Richmond Cedar Works, and the resident defendant, Lonnie Spruill, whereby the apparent relationship of independent contractor was established, but that this was a scheme or device and not in good faith, to enable the Cedar Works to escape liability for injury to employees, and that the Cedar Works furnished supplies and equipment to the defendant, Spruill, to enable him to carry out the logging operations described in the complaint.

(2) That the Richmond Cedar Works, the nonresident defendant, was negligent in failing to exercise ordinary care to select a reasonably competent and careful independent contractor.

(3) That in June, 1925, the said Peter Fenner, Jr., while in the discharge of the duties assigned him in the course of his employment, was killed by the negligence of the defendants in cutting down a tree and causing it to fall directly across the track where the deceased was engaged in the discharge of his duties, and that the death of the plaintiff was caused solely by the recklessness and negligence of the defendants in their failure to exercise ordinary care, to furnish a reasonably safe place to perform the duties required and in failing to exercise ordinary care in selecting reasonably suitable and skillful agents and employees upon the work, and failing to instruct the deceased and to promulgate and enforce proper and suitable rules for the prosecution of the work.

It is apparent, therefore, that a joint tort is alleged in the complaint against both defendants. In *Hough v. R. R.,* 144 N. C., 692, *Justice Walker,* in summarizing the principles deduced from the decisions of this Court and of the Supreme Court of the United States, sets out the proposition thus:

"An action in tort is joint or several as the pleader may choose to make it, unless the defendants were sued jointly as a device and with a fraudulent purpose of defeating the right of removal, when in fact no cause of action existed against the resident, and the assertion of his liability to the plaintiff is a mere sham or pretense. *But this must be alleged and proved by the defendant in his petition for the removal of the cause.*"

The nonresident defendant, however, takes the position that if the cause is not separable there has been a fraudulent joinder of the resident defendant, Lonnie Spruill, and for this reason the action should be removed to the District Court. It therefore becomes necessary to determine the essential elements of fraudulent joinder, or in other words, to determine what constitutes fraudulent joinder.

In the case of *Chesapeake and Ohio R. R. Co. v. Cockrell,* 232 U. S., 146, the Court points out the elements of fraudulent joinder as follows: "So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts, rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder, will not suffice; the showing must be such as *compels the conclusion that the joinder is without right and made in bad faith.*" It has been further held that the joinder is not without right or made in bad faith unless it was without any reasonable basis. *Chicago Rock Island Ry. v. Whiteaker,* 239 U. S., 425.

So that, in order for the petitioning defendant to work a removal on the ground of fraudulent joinder, the petition must allege and prove that the joinder is without right, made in bad faith, and without any reasonable basis, and that the statement of facts constituting the fraudulent joinder must be full, concise and explicit to such degree as to compel the conclusion that the resident defendants were joined in bad faith.

The State court, under the law, must assume that the facts set out in the petition are true, but it has jurisdiction to determine the question of their sufficiency. The petition alleges "that your petitioner furnished specifications for said work and hauled the iron which belonged to it into the woods." It does not appear what these specifications were or what effect, if any, they had in determining the control of the work. It is also alleged in the petition that the defendant Spruill constructed said logging railroad and switches at a fixed contract price per yard and that the employees of said Spruill were "paid out of the contract price paid him for said work." While it is true the petition alleges that the defendant Spruill was "freed from any

14—191

superior authority in it to say how the specified work should be done," and further "that said Spruill did the work according to his own judgment and methods and without being subject to your petitioner except as to the result of the work with respect to its compliance with the specifications when completed," yet as to whether these are deductions of the pleader or a statement of facts depends upon the terms of the contract existing between the defendants. If deductions of the pleader, they are not sufficient. In the absence of a full, concise and direct statement of the terms of the contract existing, we are unable to ascertain from an inspection of the petition whether they are facts or deductions, and the burden of showing this, from the petition, is upon the defendant.

As the case has not been tried upon its merits, we deem it inadvisable, in fairness to the litigants, to discuss the principles involved in the law of independent contractor. We are of the opinion and so hold that the petition does not meet the requirements of the law necessary to effect a removal. Therefore, the order of removal is

Reversed.