J. O. HUGHES, ADMINISTRATOR OF ESTATE OF CLYDE REID HUGHES, DECEASED, v. SOUTHERN RAILWAY COMPANY, JOHN W. BLANTON, T. E. SHARP, JUNIUS B. LAMB, AND CHARLES R. McCLURE.

(Filed 25 November, 1936.)

**1. Removal of Causes C b—**

Whether a separable controversy is alleged is to be determined by the complaint, and whether the resident defendants are fraudulently joined to prevent removal to the Federal Court is to be determined by the petition, which must allege facts leading to that conclusion apart from deductions by the pleader.

**2. Same—Petition held to allege facts leading to conclusion that resident defendants were fraudulently joined to prevent removal.**

In this action against a nonresident railroad company and its resident employees defendant railroad company filed a petition for removal, alleging that the individuals charged in the complaint with concurrent negligence in failing to keep defendant's warning signals at the grade crossing in question in proper working order, were a train conductor, a roadmaster, and a superintendent, and one of them not even an employee of defendant railroad at the time of the injury, and that none of them had any duty in regard to the inspection and maintenance of the warning signals in question. *Held:* The facts alleged in the petition show a want of causal connection between the employment of the resident defendants and the negligence alleged in the complaint, and defendant railroad company's motion for removal should have been granted.

APPEAL by defendant Southern Railway Company from *Harding, J.,* at April Term, 1936, of MECKLENBURG. Reversed.

Action for damages for wrongful death, alleged to have been caused by the negligence of the defendants.

The complaint alleged that plaintiff's intestate was struck by a train of defendant Southern Railway Company on a street crossing in the city of Charlotte, on the night of 19 March, 1935, and that as a result the intestate suffered an injury from which he shortly thereafter died; that defendant railway company maintained at said crossing a signal light, showing red when train was approaching and green when crossing was clear, and that a bell was attached to said device to give warning of the approach of a train; that the individual defendants, residents of North Carolina, were employees of the railway company and had control and supervision of said signal device, and were charged with the duty to maintain it in working condition at all times for the protection of the public; that on the occasion alleged, and for several days previous thereto, the said signals were out of order, so that a green light was shown when a red light should have been shown, and *vice versa,* and that defendants permitted said defective condition to remain with knowledge thereof.　Plaintiff alleged damages in the sum of one hundred thousand dollars.

In apt time the defendant Southern Railway Company, a corporation organized and existing under the laws of the State of Virginia, with proper bond, filed its duly verified petition for removal of said action to the District Court of the United States on the ground of separable controversy, and that the joinder of the individual resident defendants was not in good faith, but for the sole and fraudulent purpose of attempting to prevent the defendant railway company from removing the case to the Federal Court.

The petitioner further set out in its petition that one of the individual defendants was the train conductor, another roadmaster, another a superintendent, neither of them being charged with any duty of inspection or maintenance of the said signaling device, or with any duty with respect thereto for the protection of the public using said crossing, and that the fourth individual defendant was not at the time an employee of defendant and in no way connected with the alleged injury.

The petition for removal was denied by the clerk, and the clerk's ruling on appeal was affirmed by the judge of the Superior Court, and the defendant railway company appealed to this Court.

*Kirkpatrick & Kirkpatrick and Walter Hoyle for plaintiff.*
*John M. Robinson for Southern Railway Company, appellant.*

Devin, J.　The appeal presents the single question whether the facts set forth in the petition of the corporate defendant are sufficient to entitle it to have the case removed to the United States District Court.

The petition for removal is based on the averment that as to the individual resident defendants no cause of action will lie, and that they

were joined as parties defendant for the fraudulent purpose of preventing the exercise by the nonresident defendant of its right of removal to the Federal Court.

It seems to be well settled that whether there is a separable controversy is to be determined by the complaint, and that whether resident defendants are joined fraudulently for the purpose of preventing removal of the cause to the United States Court is to be determined by the facts alleged in the petition for removal. *Morganton v. Hutton,* 187 N. C., 736; *Culp v. Ins. Co.,* 202 N. C., 87; *Tate v. R. R.,* 205 N. C., 51; *Trust Co. v. R. R.,* 209 N. C., 304; *Powers v. R. R.,* 169 U. S., 92; *Southern Ry. v. Lloyd,* 239 U. S., 496; *Wilson v. Iron Co.,* 257 U. S., 92.

The petitioner must not only allege fraudulent joinder, but must state facts leading to that conclusion, apart from the pleader's deduction. *Crisp v. Fibre Co.,* 193 N. C., 77.

Here the appellant has set out in detail the facts upon which it bases its plea for removal, showing want of causal connection between the employment of the resident defendants and the negligence alleged in the complaint.

"The State Court may pass upon the sufficiency of the bond and petition, but the petitioner's allegations of fact are deemed to be true, and if the plaintiff wishes to do so he may traverse the jurisdictional facts in the Federal Court on a motion to remand." *Tate v. R. R., supra; Rea v. Mirror Co.,* 158 N. C., 24; *Lloyd v. R. R.,* 162 N. C., 485; *Smith v. Quarries Co.,* 164 N. C., 338.

There was error in denying the motion for removal.

Reversed.