CLINTON B. CLEVENGER, ADMINISTRATOR OF THE ESTATE OF HELEN
IRENE CLEVENGER, v. JAMES H. GROVER AND ST. LOUIS UNION
TRUST COMPANY, TRUSTEES UNDER THE WILL OF E. W. GROVE,
DECEASED, KNOTT HOTEL COMPANY, A CORPORATION, AND P. H.
BRANCH.

(Filed 24 February, 1937.)

1. Removal of Causes §§ 4a, b—

Whether a controversy is separable is to be determined by the complaint, and whether resident defendants are joined fraudulently to prevent
removal is to be determined by the petition, which must allege facts leading to that conclusion apart from the pleader's deduction.

2. Master and Servant § 20b—

The omission of an employee, while acting in the scope of his employment, to perform a legal duty owed to a third person, ordinarily imposes
liability on the employee as well as the employer.

3. Same: Removal of Causes § 4b—Held: Petition failed to show that
resident employee was joined fraudulently to prevent removal.

The complaint alleged that plaintiff's intestate, while a guest in a hotel,
was attacked and killed by an employee of the hotel late at night, that
defendants, the owners and proprietors of the hotel and its resident
manager, were negligent in knowingly keeping in its employ a vicious
employee, in failing to properly guard and supervise the halls and entrances, and in permitting numerous pass-keys to be distributed to
employees, with the result that the vicious employee was enabled to gain
access to intestate's room. The nonresident defendants filed a petition for
removal, alleging that the resident manager was not on duty at the time
intestate was killed, that he did not hire the vicious employee, that the
vicious employee was not on duty at the time, and that the manager had
no knowledge that intestate was a guest in the hotel or had been killed
until the morning after the crime, and that he was charged in the complaint with no immediate act or omission constituting negligence. *Held:*
The petition does not allege facts requiring the conclusion that the resident manager was not personally liable and was therefore fraudulently
joined, since, notwithstanding the fact that the manager was not on duty
at the time of the commission of the crime, such fact is not inconsistent
with his failure as manager to exercise due care in the operation, management, and supervision of the hotel, nor negative his alleged negligence in
retaining the vicious employee and in permitting master keys to be distributed among employees, and the petition for removal was properly
denied.

APPEAL by defendants James H. Grover and St. Louis Union Trust
Company, trustees, from *Phillips, J.,* at December Term, 1936, of
BUNCOMBE. Affirmed.

The case was heard upon petition for removal of the cause to the
United States District Court for the Western District of North Carolina,
on the ground of diverse citizenship and fraudulent joinder of resident
defendant. Motion for removal denied, and petitioners appealed.

CLEVENGER *v.* GROVER.

*Jones & Ward, Weaver & Miller, and Brooks, McLendon & Holderness for plaintiff, appellee.*

*Adams & Adams and Johnston & Horner for defendants, appellants.*

DEVIN, J.   This action was instituted by plaintiff, administrator of Helen Irene Clevenger, to recover damages for the wrongful death of his intestate, alleged to have been caused by the joint negligence of the defendants, who are the owners, proprietors, and managers of the Battery Park Hotel in the city of Asheville, North Carolina.

The material allegations of the complaint are that the defendants James H. Grover and St. Louis Union Trust Company, trustees, and the Knott Hotel Company were, on the occasion alleged, the owners, operators, and proprietors of said hotel, and that defendant P. H. Branch was manager in charge of the operation of the hotel; that on the morning of 16 July, 1936, about 1:00 o'clock a.m., plaintiff's intestate, while a guest of said hotel, was wrongfully killed and murdered by one Martin Moore, a Negro employee of the defendants.

The acts and omissions on the part of the defendants constituting negligence were stated substantially as follows:

1. That defendants permitted the rear entrance of said hotel to remain open and unguarded on the night of 15-16 July, constituting an invitation to persons with evil intent to enter, and by reason thereof enabled said Martin Moore to enter the hotel room and slay plaintiff's intestate.

2. That defendants failed to guard, supervise, and inspect the halls, corridors, and entrances of said hotel.

3. That defendants, through their employee and night watchman, failed to guard and inspect the portion of the hotel where plaintiff's intestate was lodged and to visit said floor for the space of more than two hours.

4. That defendants, through their employees, notwithstanding report of screams and cries for help on said morning, failed to send anyone to investigate or assist.

5. That defendants permitted numerous master or pass-keys, capable of opening room doors, to be distributed among various servants and employees, and as a result thereof said Martin Moore was enabled to obtain one of said master keys and to enter the room of plaintiff's intestate and kill and murder her.

6. That defendants employed and retained in their employment the said Martin Moore when they knew or should have known that he was a person of evil and vicious character.

7. That defendants failed to exercise proper care in the management, operation, and supervision of said hotel, proximately resulting in the death of plaintiff's intestate.

Plaintiff asks that he recover of the defendants damages in the sum of fifty thousand dollars.

In apt time the defendants James H. Grover and St. Louis Union Trust Company, trustees, filed petition, with proper bond, for removal of said action from the Superior Court of Buncombe County to the United States District Court for the Western District of North Carolina.

The petition for removal sets forth the following material facts:

That the petitioners, as trustees under the will of E. W. Grove, are citizens and residents of the State of Missouri, that the Knott Hotel Company (which it is alleged has not been served with summons) is a corporation organized and existing under the laws of the State of New York, that the defendant Branch is a citizen and resident of Buncombe County, North Carolina, and that the amount in dispute exceeds three thousand dollars.

That the defendant Branch is not personally or individually liable on account of any of the matters and things alleged in the complaint.

"Your petitioners would further respectfully show that the said P. H. Branch had no personal knowledge that the plaintiff's intestate was in said hotel, as a guest or otherwise, at or before the time of her alleged injury and death, and that the said P. H. Branch was not actually on duty as manager of said hotel, or otherwise, at the time of said alleged injury to plaintiff's intestate, and that he had no knowledge, or cause to have knowledge thereof until about 8 :00 o'clock on the morning following said injury; that at the time the injury is alleged to have been inflicted upon plaintiff's intestate, the said hotel was under the immediate charge of an employee other than the said P. H. Branch, and the said P. H. Branch had no direct contact with or participation in the wrong complained of, did no act or deed in connection therewith or relating thereto, and was on the occasion of said injury guilty of no omission of duty with which he was personally charged, and on the occasion of said injury, or at any other time, was guilty of no omission of duty with which he was personally charged; and that no personal negligence in any immediate act, command, or omission of the said P. H. Branch is alleged as, or was, or could have been, the efficient or coefficient cause of the injury complained of, and he is not therefore personally liable for the alleged injury to plaintiff's intestate."

Petitioners further allege that the said Martin Moore was not employed by defendant Branch, and that he was not an employee on duty at said hotel at the time of the alleged injury, and was not there by permission or knowledge of said Branch; that said Branch had no financial interest in the ownership or management of the hotel and was merely employed as submanager of said hotel by a corporation having the duty and responsibility to manage same.

Petitioners aver that this action involves a separable controversy, and that said Branch was wrongfully joined as party defendant, with the fraudulent purpose of preventing the removal of this cause to the United States District Court.

It appears from an examination of the pleadings that the petition for removal is based on the ground that no cause of action will lie as to the resident defendant, and that he was joined as a party defendant for the fraudulent purpose of preventing the exercise by the nonresident defendants of their right to remove the case to the United States District Court.

The principles of law involved, as established by the decisions of this Court and by the Supreme Court of the United States, are well settled. The application of these principles to particular cases often presents difficulty.

As was said in *Hughes v. Railroad,* 210 N. C., 730, the last case wherein this Court considered the question of removal of cases to the Federal Court: "It seems to be well settled that whether there is a separable controversy is to be determined by the complaint, and that whether resident defendants are joined fraudulently for the purpose of preventing removal of the cause to the United States Court is to be determined by the facts alleged in the petition for removal. *Morganton v. Hutton,* 187 N. C., 736; *Culp v. Ins. Co.,* 202 N. C., 87; *Tate v. R. R.,* 205 N. C., 51; *Trust Co. v. R. R.,* 209 N. C., 304; *Powers v. R. R.,* 169 U. S., 92; *Southern Ry. v. Lloyd,* 239 U. S., 496; *Wilson v. Republic Iron & Steel Co.,* 257 U. S., 92. The petitioner must not only allege fraudulent joinder, but must state facts leading to that conclusion, apart from the pleader's deduction. *Crisp v. Fibre Co.,* 193 N. C., 77."

"In order to warrant the removal on the ground of alleged fraudulent joinder, the petition must contain statements of the relevant facts and circumstances, with sufficient minuteness of detail, and be of such kind as rightly to engender or compel the conclusion that the joinder has been made in bad faith and without right." *Crisp v. Fibre Co.,* 193 N. C., 77; *Fore v. Tanning Co.,* 175 N. C., 583; *Cogdill v. Clayton,* 170 N. C., 527; *Smith v. Quarries Co.,* 164 N. C., 338; *R. R. v. Lloyd,* 239 U. S., 496.

The omission of an employee, while acting in the scope of his employment, to perform a legal duty owed to a third person ordinarily imposes liability on both employee and employer. *Trust Co. v. R. R.,* 209 N. C., 304; *Hollifield v. Telephone Co.,* 172 N. C., 714; *Hough v. Railroad,* 144 N. C., 692.

When the facts set forth in the petition in the instant case as the basis for the allegation of fraudulent joinder are considered and analyzed in their relation to the cause of action alleged in the complaint, it is apparent that they are insufficient for that purpose under the rule laid down in *Crisp v. Fibre Co., supra,* and *Trust Co. v. R. R.,* 209 N. C., 304.

The averment that defendant Branch was not actually on duty as manager of the hotel at the time of the injury; that at that time the hotel was under the immediate charge of another employee; that defendant Branch did no act in connection with the alleged injury, and that no personal negligence in any immediate act, command, or omission, as alleged, was the cause of the injury does not constitute such statement of facts and circumstances (aside from the deductions of the pleader) as would require the conclusion that Branch was not liable for any of the acts and omissions alleged in the complaint.

Notwithstanding he was not actually on duty as manager at the precise moment of the injury, this fact would not be inconsistent with his failure as manager of the hotel to exercise due care in the operation, control, management, and supervision of the hotel, nor negative his alleged failure to exercise due care with respect to retaining vicious employees, and permitting the distribution of master keys whereby the killer was enabled to gain access to the room of plaintiff's intestate and perpetrate the wrong complained of.

In *Johnson v. Lumber Co.,* 189 N. C., 81, the foreman (the resident defendant) was absent at the time of the particular act of negligence alleged. This was held to warrant the removal of the case on the ground of improper joinder. To the same effect is *Cox v. Lumber Co.,* 193 N. C., 28, and other like cases. But here the facts were different and we conclude a different rule applies. The complaint alleges a joint tort, and upon its face does not show a separable controversy. The facts set forth in the petition as ground for removal on account of the alleged fraudulent joinder of the resident defendant are not such as to compel the conclusion that the joinder has been made in bad faith.

The judgment denying the motion to remove must be

Affirmed.