CORA EDWARDS, Administratrix of the Estate of MARION EDWARDS, Deceased, v. SOUTHERN RAILWAY COMPANY, L. H. WHITE, E. E. ENSLEY, and A. D. MURRAY.

(Filed 22 September, 1937.)

**1. Removal of Causes § 4a—**

Whether an action is separable is to be determined by the allegations of the complaint, and where the complaint states a joint cause, the action is not removable even though it may be later determined upon the trial that plaintiff is not entitled to recover from the parties jointly.

**2. Same—Complaint in this case held to state joint cause, and nonresident defendant's motion to remove was properly denied.**

A complaint alleging that defendant agents and servants of the defendant railroad company had knowledge that plaintiff's intestate, in an intoxicated or crazed condition, was standing in a position between the tender of the engine and the baggage car, and negligently and willfully failed to perform their duty to have intestate removed from his perilous position, but permitted him to remain therein while the train was moving until he fell therefrom to his injury resulting in death, *is held* to state a joint cause of action against the railroad company and the individual defendants, and the railroad company's motion to remove on the ground of separable controversy was properly denied.

Appeal by petitioner, defendant Southern Railway Company, from *Phillips, J.,* 31 May, 1937. From Swain. Affirmed.

The plaintiff in the complaint, of some length and in detail, set forth facts charging all the defendants with actionable negligence in reference to the death of plaintiff's intestate. That L. H. White was the engineer of the train, E. E. Ensley, conductor of the train, and A. D. Murray the ticket agent, and all joint tort-feasors.

The allegations, in part: "That on 6 November, 1936, plaintiff's intestate resided in Swain County, North Carolina, some miles from Bryson City, and on the morning of said date left his said home with the purpose and intention of going to Asheville, North Carolina, on business, and intended to travel to Asheville as a passenger on a train of the defendant company which left Bryson City about 11:30 o'clock a.m.; that plaintiff's intestate came to Bryson City, as plaintiff is informed and believes, and went to the station owned and maintained by the defendant Southern Railway Company for the purpose of purchasing a ticket over defendant company's line of railway to Asheville. That while plaintiff's intestate was in and around the defendant company's said station at Bryson City he lost possession of his mental faculties and became crazed and disordered in his mind, so that he did not know or realize where he was, and was so crazed and disordered in

mind that he was unable to care for himself, or realize and understand where he was going or what he was doing; that said condition of his mind was due, as plaintiff is informed and believes, to intoxication or sudden illness, and plaintiff avers that the condition of her intestate was plain and apparent to all while he was in and around the station of the defendant railway company; that while plaintiff's intestate was in this condition at and around said station of the defendant company, a passenger train, owned and operated by the defendant company, known as Train No. 17, arrived at said station en route to Murphy, North Carolina, and stopped for approximately ten minutes at said station, about 12:30 o'clock p.m. That while said Train No. 17 was standing at said station, plaintiff's intestate being crazed and mentally deranged, as aforesaid, and being without mind or power to care for himself, climbed on the baggage car of said passenger train No. 17, and stood in a position between the tender of the engine and said baggage car, in plain view of the servants and employees of the defendant company, including the defendants A. D. Murray, E. E. Ensley, and L. H. White. That before said train pulled out of said station the plaintiff's intestate hollered and made other demonstrations, indicating that he was out of his head and mentally deranged and entirely incapable of taking care of himself. That he was seen while standing in said position before said train pulled out by employees of the defendant railway company who saw plaintiff's intestate's helpless condition and knew and realized that he would be killed unless removed from said dangerous and perilous position. . . . That the defendants E. E. Ensley, L. H. White, and A. D. Murray were notified and had actual knowledge that plaintiff's intestate was on said Train No. 17, in said dangerous and perilous place and situation as aforesaid, in a crazed and mentally deranged condition, in imminent danger of being thrown under said train and killed; and thereupon it became and was the duty of said defendants, and each of them, to have plaintiff removed from said place of danger on said train; but the defendants, and each of them, knowingly, willfully, and recklessly and wantonly allowed plaintiff's intestate to remain in said place of danger and peril on said train for more than an hour while same was proceeding toward Murphy, and failed and neglected to make any effort to have plaintiff's intestate removed from said train, and plaintiff's intestate was thereby caused, permitted, and allowed to be thrown under the wheels of said train and killed, all to plaintiff's great damage, as hereinafter stated. That at the time Train No. 17 left Bryson City until plaintiff's intestate was thrown under the wheels thereof and killed, as aforesaid, said intestate was in plain view, standing between the tender and baggage car of said train and hollering in a manner to attract attention, and plaintiff alleges that the defendants, and each of

them, knew that plaintiff was on said train in said dangerous and hazardous place and position, or by the exercise of ordinary care the defendants, and each of them, could have learned of plaintiff's presence, and that he was mentally deranged, not able to care for himself, and was liable at any moment to be hurled beneath the wheels of said train; but said defendants negligently and recklessly failed to remove plaintiff's intestate from said train and from said dangerous place and situation, and as the proximate result of said carelessness and negligence on the part of the said defendants, and each of them, plaintiff's intestate was thrown from his position, as aforesaid, under the wheels of said train and killed, all to plaintiff's great damage, as hereinafter stated. That the aforesaid careless, tortious, negligent, and reckless acts, conduct, and omissions of the said defendants, and each of them, directly, materially, concurrently, jointly, and proximately contributed, to and were the direct, joint, concurrent, and proximate cause of the injury and death of plaintiff's intestate, and plaintiff avers that by reason thereof her said intestate was crushed, torn, mangled, and killed in the manner aforesaid, all to her great damage in the sum of $30,000."

The Southern Railway Company filed petition and complied with the requirements to remove the action to the United States District Court for the Western District of North Carolina, and set forth in detail the reasons therefor.

The clerk of the Superior Court of Swain County, N. C., rendered the following judgment: "It is thereupon considered and ordered by the court that the motion and petition of the defendant Southern Railway Company to remove the above entitled action from the Superior Court of Swain County, North Carolina, to the United States District Court for the Western District of North Carolina, for trial be and the same is hereby denied and overruled. Frank Hyatt, C. S. C., Swain County."

The Southern Railway Company appealed to the Superior Court from the judgment of the clerk of the Superior Court, and Phillips, J., rendered the following judgment: "It is therefore considered and ordered by the court that the motion and petition of the defendant Southern Railway Company to remove the above entitled action from the Superior Court of Swain County, N. C., to the United States District Court for the Western District of North Carolina for trial be and the same is hereby denied and overruled, and the order of the clerk overruling said motion is hereby affirmed."

To the making and signing of the foregoing order denying and overruling defendant Southern Railway Company's motion and petition to remove the above case to the United States District Court for trial, the petitioner, Southern Railway Company, excepted, assigned error, and appealed to the Supreme Court.

The defendant excepted and assigned error: "That his honor erred in entering judgment overruling defendant's petition to remove this case to the U. S. District Court for the Western District of North Carolina, and in entering order retaining said case in the State Court, as appears of record."

*Edwards & Leatherwood for plaintiff.*
*W. T. Joyner and Jones & Ward for Southern Railway Company.*

CLARKSON, J. We see no error in the judgment of the court below.

In *Trust Co. v. R. R.,* 209 N. C., 304 (311), speaking to the subject, is the following: "This matter was settled beyond question long ago in *Morganton v. Hutton, supra* (187 N. C., 736 [739]), and in *Alabama Southern Ry. v. Thompson,* 200 U. S., 206. In that case an action was brought by the administrator of Florence Jones against the railroad and Wm. H. Mills, as conductor, and Edgar Fullar, as engineer, for actionable negligence. The defendant corporation was organized under the laws of Alabama and the conductor and engineer and plaintiff were citizens of Tennessee, where the action was brought. The opinion (a long one), covering every phase of the law and citing a wealth of authorities, at p. 217, says: 'In other words, the right to remove depended upon the case made in the complaint against both defendants jointly, and that right, in the absence of a showing of fraudulent joinder, did not arise from the failure of the complainant to establish a joint cause of action.' At pp. 218-19, speaking to the subject, it is said: 'Does this become a separable controversy within the meaning of the act of Congress because the plaintiff has misconceived his cause of action and had no right to prosecute the defendants jointly? We think, in the light of the adjudications above cited from this Court, it does not. Upon the face of the complaint, the only pleading filed in the case, the action is joint. It may be that the state court will hold it not to be so. It may be, which we are not called upon to decide now, that this Court would so determine if the matter shall be presented on a case of which it has jurisdiction. But this does not change the character of the action, which the plaintiff has seen fit to bring, nor change an alleged joint cause of action into a separable controversy for the purpose of removal. The case cannot be removed unless it is one which presents a separable controversy wholly between citizens of different states. In determining this question the law looks to the case made in the pleadings, and determines whether the state courts shall be required to surrender its jurisdiction to the Federal courts.' *Southern Railway Co. v. Lloyd,* 239 U. S., 496."

In *Clevenger v. Grover,* 211 N. C., 240 (243), it is said: "As was said in *Hughes v. Railroad,* 210 N. C., 730, the last case wherein this Court considered the question of removal of cases to the Federal Court:

'It seems to be well settled that whether there is a separable controversy is to be determined by the complaint, and that whether resident defendants are joined fraudulently for the purpose of preventing removal of the cause to the United States Court is to be determined by the facts alleged in the petition for removal. *Morganton v. Hutton,* 187 N. C., 736; *Culp v. Ins. Co.,* 202 N. C., 87; *Tate v. R. R.,* 205 N. C., 51; *Trust Co. v. R. R.,* 209 N. C., 304; *Powers v. R. R.,* 169 U. S., 92; *Southern Ry. v. Lloyd,* 239 U. S., 496; *Wilson v. Republic Iron & Steel Co.,* 257 U. S., 92. The petitioner must not only allege fraudulent joinder, but must state facts leading to that conclusion, apart from the pleader's deduction. *Crisp v. Fibre Co.,* 193 N. C., 77.' 'In order to warrant the removal on the ground of alleged fraudulent joinder, the petition must contain statements of the relevant facts and circumstances, with sufficient minuteness of detail, and be of such kind as rightly to engender or compel the conclusion that the joinder has been made in bad faith and without right.' *Crisp v. Fibre Co.,* 193 N. C., 77; *Fore v. Tanning Co.,* 175 N. C., 583; *Cogdill v. Clayton,* 170 N. C., 527; *Smith v. Quarries Co.,* 164 N. C., 338; *R. R. v. Lloyd,* 239 U. S., 496. The omission of an employee, while acting in the scope of his employment, to perform a legal duty owed to a third person ordinarily imposes liability on both employee and employer. *Trust Co. v. R. R.,* 209 N. C., 304; *Hollifield v. Telephone Co.,* 172 N. C., 714; *Hough v. R. R.,* 144 N. C., 692. When the facts set forth in the petition in the instant case as the basis for the allegation of fraudulent joinder are considered and analyzed in their relation to the cause of action alleged in the complaint, it is apparent that they are insufficient for that purpose under the rule laid down in *Crisp v. Fibre Co., supra,* and *Trust Co. v. R. R., supra.*"

For the reasons given, the judgment is

Affirmed.