EDNA KERLEY, ADMINISTRATRIX OF THE ESTATE OF L. L. KERLEY, DECEASED, v. STANDARD OIL COMPANY OF NEW JERSEY AND F. M. FLETCHER.

(Filed 20 September, 1944.)

**1. Removal of Causes § 1—**

The Federal Courts have final authority in matters of removal.

**2. Same—**

When a petition for removal is filed in the State Court and denied, the movent may either (1) file his record in the Federal Court, subject to plaintiff's right to make a motion to remand, or (2) appeal to this Court and thence to the highest Federal Court.

**3. Removal of Causes § 4b—**

In deference to the final authority in the Federal Court, it is not the practice of the State Court to pass upon and determine issues of fact bearing upon the removal, when the joinder of parties is challenged as fraudulent. When the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the State Court decide the question on the face of the record, taking for that purpose the allegations of the petition to be true.

**4. Same—**

The petition is insufficient if it merely denies the allegations of the complaint. The movent who has challenged the jurisdiction because of fraudulent joinder has the duty of positively stating the facts in support of his petition.

**5. Same—**

When removal is made to the Federal Court upon a petition alleging fraudulent joinder, the plaintiff may make a motion to remand, whereupon the Federal Court will hear and determine the issues of fact relating thereto and make its decision accordingly.

APPEAL by defendant Standard Oil Company from *Alley, J.,* 20 May, 1944, in Chambers. From HAYWOOD.

Plaintiff Administratrix sued the defendants for damages arising out of an injury to her intestate, resulting in death, alleged to have been caused by the negligence of the defendants. The injury and death came

about through an explosion of a gasoline tank in the plant of the corporate defendant at Waynesville, N. C., due to leakage of gasoline, oil and explosive vapors, and their exposure to ignition. The defendant Fletcher is described as the "District Manager" of his codefendant, charged with the duty of supervision, inspection and careful operation of the plant. It is alleged in the complaint that the Standard Oil Company is a corporation under the laws of New Jersey (the defendant claims it is a Delaware Corporation), and Fletcher is stated to be a resident of North Carolina.

The corporate defendant, in apt time, filed its petition and undertaking, and made a motion for removal to the Federal District Court on the ground of diversity of citizenship between the plaintiff and the defendants, and claimed that the resident defendant, Fletcher, was fraudulently joined as a party defendant solely for the purpose of lending specious support to the jurisdiction of the State Court; whereas, in fact, the said Fletcher was in nowise responsible for the injury to plaintiff's intestate. The defendant avers that Fletcher was merely a *District Sales Manager* for the company, without any duties connected with the operation of the plant, its maintenance or inspection (the duties of which position are set up with particularity), and that he was not present when the intestate received his injury and, in fact, did not in any way contribute thereto.

The lower court denied the petition, and the Standard Oil Company appealed.

*Jones, Ward & Jones and Williams & Cocke for plaintiff, appellee.*

*Edwin S. Hartshorn and Morgan & Ward for defendant Standard Oil Co., appellant.*

SEAWELL, J. The Federal Courts have final authority in matters of removal under 28 U. S. C. A., sec. 71; U. S. Constitution, Article III, sec. 2; *Road Improvement District v. St. Louis S. W. R. Co.*, 257 U. S., 547, 66 L. Ed., 364; *N. C. Public Service Co. v. Southern Power Co.*, 282 F., 837, 33 A. L. R., 626. When a petition for removal is filed in the State Court and denied, the movant may pursue either of two courses: He may file his record in the Federal Court, subject to the plaintiff's right to make a motion to remand; Judicial Code, sec. 28 (28 U. S. C. A., sec. 71); *Metropolitan Casualty Ins. Co. v. Stevens*, 312 U. S., 563, 85 L. Ed., 1044; or he may appeal to this Court from the adverse ruling, and if again unsuccessful, prosecute his appeal to the highest Federal Court, where, if there should be found error in the State Court, the proceedings taken in that Court meanwhile are of no effect. *Metro-*

*politan Casualty Ins. Co. v. Stevens, supra.* The defendant chose to appeal from the ruling of the State Court.

In deference to the final authority which resides in the Federal Court, it is not the practice of the State Court to pass upon and determine issues of fact bearing upon the removal, when the joinder is challenged as fraudulent. The Court will only examine the record to see if the facts upon which the State jurisdiction is challenged are sufficient to justify removal, taking the allegations of the petition to be true.

"When the motion to remove is made on the ground of an alleged fraudulent joinder, the petitioner is entitled to have the State Court decide the question on the face of the record, taking, for this purpose, the allegations of the petition to be true." *Crisp v. Fibre Co.,* 193 N. C., 78, 85, 136 S. E., 238; *Edwards v. R. R.,* 212 N. C., 61, 65, and cases cited, 192 S. E., 855; *Clevenger v. Grover,* 211 N. C., 240, 243, 189 S. E., 782; *Cox v. Lumber Co.,* 193 N. C., 28, 31, 136 S. E., 254; *Johnson v. Lumber Co.,* 189 N. C., 81, 83, 126 S. E., 165; *Cogdill v. Clayton,* 170 N. C., 526, 87 S. E., 338; *Stevens v. Lumber Co.,* 186 N. C., 749, 752, 120 S. E., 329; *Crawford v. Sears, Roebuck & Co.,* 216 N. C., 789, 4 S. E. (2d), 334; *Wilson v. Republic Iron & S. Co.,* 257 U. S., 92, 97, 66 L. Ed., 144, 148.

It has been stated that the petition is insufficient if it merely denies the allegations of the complaint; *Chicago-Rock Island Ry. v. Whiteaker,* 239 U. S., 421, 60 L. Ed., 360; and there has been some divergence of views as to the significance of this rule. But an examination of all the authorities leads to the conclusion that such observations are merely directed to the substance and sufficiency of the petition with respect to its particularity in setting forth the facts. *Fenner v. Cedar Works,* 191 N. C., 207, 131 S. E., 625. The movant who has challenged the jurisdiction because of fraudulent joinder of parties has the duty, at least, of positively stating the facts in support of his petition. *Fenner v. Cedar Works, supra; Crisp v. Fibre Co., supra; Cogdill v. Clayton, supra.*

When removal is made to the Federal Court upon petition of the defendant alleging fraudulent joinder, then, at the option of the plaintiff, a motion to remand may be made, and upon such motion, the Federal Court will hear and determine the issues of fact relating to the removal upon the allegation of fraudulent joinder, and make its decision accordingly. *Chesapeake & Ohio R. Co. v. Cockrell,* 232 U. S., 146, 58 L. Ed., 544; *Wilson v. Republic Iron & S. Co., supra.* A useless and unseemly conflict between the courts with respect to the jurisdiction is thus avoided. Should the cause be remanded, the jurisdiction of the State Court is restored.

The matters considered here are more fully discussed, with copious citations of authority, in *Crisp v. Fibre Co., supra,* and the rules and principles there announced are controlling here. The facts stated in the petition are sufficient to justify removal.

There was error in denying the defendant's petition, and the judgment is

Reversed.